## Higgins v. Gose, et al.

(Decided June 7, 1911.)

## Appeal from Magoffin Circuit Court.

1. Submission—Affidavit to Set Aside to Take Proof—Want of Diligence—An affidavit for setting aside an order of submission to enable a party thereto to take her proof, which fails to disclose the names of the witnesses whose depositions she proposes to take, the facts to which they would testify, or what diligence had been used to procure their depositions, presents no legal grounds for setting aside the order of submission, where between the time of completing the issues and the submission of the case there was an interval of five months during which the opposing party took his proof and appellant had ample time to take her proof if she had any.

2. Amended Petition—Averments—Consideration—Conclusion of Pleading—An averment in an amended petition that a certain deed relied on by the party complaining was without any consideration, is a mere conclusion of the pleader, when no facts are alleged showing a want or failure of consideration.

3. Incumbrance on Land—Removal—Perfecting Deed—Held, it is patent from the record that appellee received through the deed made him by W. G. a good title to the land in controversy subject to the mortgage lien of S., and that his second purchase

of the land in satisfaction of the lien debt of S. and of its con-
veyance to him by the commissioner, removed the only incum-
brance upon it and perfected the title he acquired under the
deed from W. G.

HAZELRIGG & HAZELRIGG and J. W. HOWARD for appellant.

AUGUSTUS E. ARNETT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal presents for our consideration three
grounds of objection urged by appellant to the judgment
complained of. It is contended that the circuit court
erred: 1st, in overruling her motion to set aside the or-
der submitting the case for trial. 2nd, in refusing to al-
low her to file an amended petition offered by her. 3rd, in
dismissing her petition and adjudging the appellee, L. C.
Patrick, to be the owner of the land in controversy.

The suit was brought by appellant, her sister, Queen
Green, and their nephew, Benjamin Dykes, to obtain a
division of a tract of land described in the petition al-
leged to have been the property of Philip Gose, whose
death, it was also alleged, caused the title thereof to de-
scend under the statute to and jointly vest in his heirs at
law.

It was further alleged in the petition that appellant
and her co-plaintiffs, were heirs at law of Philip Gose,
the two first named being daughters and the last a grand-
son; and that the decedent was also survived by other
heirs at law, sons and daughters, who together with the
appellee, L. C. Patrick, were made defendants in the
action; it being averred that Patrick was wrongfully
claiming the land and thereby casting a cloud upon the
title of the heirs at law of Philip Gose, the alleged true
owners thereof.

Of the several defendants, only the appellee, L. C.
Patrick, filed an answer to the petition. His answer,
which was also made a counter-claim, denied that appel-
lant or the other heirs at law of Philip Gose owned the
land or held the title thereto, and averred that he (Pat-
rick) was the sole owner and in the possession thereof
under title conveyed him by a deed of record from Wil-
liam Gose in 1908, of whom he purchased the land; and
that William Gose derived title to the land by a deed,
also of record, executed and acknowledged by his father,

Philip Gose, in 1892, which conveyed him the land subject to the life estate of the father therein and in consideration of William Gose undertaking to clothe the grantor and wife and pay to his sister, Esther Gose, $500.00; that the death of Philip Gose, which occurred in 1902, terminated the life estate and made Wm. Gose the sole and exclusive owner of the land, and that he continued the sole owner thereof until he sold and conveyed it to the appellee, Patrick. The answer also alleged that Philip Gose, after he conveyed the land to William Gose, gave one D. D. Sublett, a mortgage thereon to secure the payment of a $77.00 note he executed to D. D. Sublett, which mortgage was not restricted to the life estate of Philip Gose in the land but also embraced the remainder interest of William Gose therein, for the deed to the latter from his father had not then been recorded and Sublett did not know of its execution when he accepted the mortgage. The answer further averred that after the appellee Patrick's purchase of the land from William Gose, and its conveyance by the latter to him, Sublett brought suit in the Magoffin circuit court for the enforcement of his lien on the land in satisfaction of the $77.00 note and obtained judgment for its sale for that purpose, at which sale Patrick became the purchaser at the price of $185.00, this sum being the amount of Sublett's debt, principal and interest, and the costs of the action; that the sale was reported to and confirmed by the court and by its order Patrick received through the court's commissioner, a deed to the land. William Gose and Patrick were made defendants in the action brought by Sublett, and Patrick's answer to appellant's petition pleaded the judgment in that case, his purchase of the land thereunder and its conveyance to him, and also the deed he received from William Gose, as a bar to appellant's action.

Appellant and her co-plaintiffs, Green and Dykes, by reply controverted the material averments of the appellee, Patrick's, answer and counter-claim. The latter then took proof in support of his claim of title, following which appellant's co-plaintiffs, Queen Green and Benjamin Dykes, conceded Patrick's title to the land in question and dismissed the action as to any claim of title asserted for them by the petition.

The appellee Patrick's claim of title seems to have been sufficiently established by the evidence taken in his behalf, consisting of the deed made him by Wm. Gose,

that of Philip Gose to Wm. Gose, and also the pleadings, orders, judgment and other proceedings in the case of D. D. Sublett v. William Gose, &c., showing his second purchase of the land and its conveyance to him under the judgment therein. In addition, the facts connected with the execution of the deed from Philip Gose to William Gose, and from the latter to the appellee, Patrick, were shown by the depositions of various witnesses. It appears from the evidence as a whole that Philip Gose had given lands or other property to all of his children, except William Gose and an unmarried daughter, Esther Gose, and that the conveyance to William Gose of the 200 acre tract of land in controversy was made for the purpose of providing for him and the daughter referred to, as the grantor had previously provided for his other children. The evidence also showed that William Gose lived with his parents until their death and no complaint was ever made by them that he failed to provide them with clothing as required by the deed they made him. The payment by William Gose of the $500.00 to which his sister, Esther, was entitled under the deed from Philip to William Gose was, according to the evidence, made in land, he having conveyed her fifty acres from the 200 acre tract conveyed him by his father.

Appellant took no proof. At the October term, 1909, of the Magoffin Circuit Court an order was entered without objection, submitting the case. At the succeeding or February term, 1910, and on the 14th day of February appellant entered a motion, supported by her affidavit, to set aside the order of submission made at the previous term and at the same time offered to file an amended petition. The circuit court overruled the motion to set aside the order of submission, and refused to permit the filing of the amended petition, and these rulings were followed by the rendition of the judgment appealed from. The court did not err either in refusing to set aside the order of submission, or in not permitting the amended petition to be filed. Appellant's action was instituted November 7, 1908, the answer of the appellee Patrick was filed June 18, 1909, and appellant's reply a few days thereafter. Between the time of thus completing the issues and the submission of the case in November, 1909, there was an interval of about five months, during which the appellee, Patrick, took his proof and appellant had ample time to take hers, if she had any. If, as stated in appellant's affidavit filed in support of the motion to set

aside the order of submission, her counsel was by age and physical infirmity prevented from preparing her case for trial, it was not made to appear that his condition will probably improve, or that it was not known to appellant long enough before the submission of the case to have enabled her to employ other counsel. The further state- ment made in the affidavit that the taking of her evidence had been delayed by a proposition from, or assurance of appellee, Patrick, that he would pay her for her alleged interest in the land in controversy, was insufficient as such proposition or assurance was, as stated in the affi- davit, not made to appellant, she was merely informed thereof by others. The appellee, Patrick, by counter affi- davit, denied that he had offered to pay appellant for her alleged interest in the land, or given her any assurance that he would do so. At most the alleged information of such assurance from appellee, if based on an actual offer of settlement, was but an indefinite proposition of com- promise, which appellant did not in her affidavit claim to have accepted, or profess a willingness to accept, and sec- tion 636, Civil Code, declares that such an offer "shall not be cause for a continuance of an action, or a post- ponement of a trial." Moreover, notwithstanding the statement in appellant's affidavit that her object in ask- ing that the order of submission be set aside was to en- able her to take her proof, the affidavit fails to disclose the names of the witnesses whose depositions she pro- poses to take, the facts to which they would testify, or what diligence had been used to procure their deposi- tions. Obviously, the affidavit presented no legal grounds for setting aside the order of submission.

It is equally manifest that neither the affidavit in question, nor the amended petition offered by appellant, presented any sufficient cause for the filing of that plead- ing. It is true that the amendment attacked as fraudu- lent and without consideration the deed made by Philip Gose to William Gose and alleges that the deed was not seen by appellant until introduced in evidence by the ap- pellee Patrick, but it failed to state that the existence of the deed and the alleged fraud in the conveyance were not known to appellant before and when her action was in- stituted, and before William Gose conveyed the land to Patrick. While the existence of the deed from Philip Gose to William Gose may not have been known to ap- pellant between the date of its execution in 1892 and

1901, as it was duly recorded in the latter year, its existence and contents became constructively known to her from that time and were consequently known to her before the conveyance of the land to Patrick by William Gose and when she brought her action. At any rate, the answer of the appellee, Patrick, filed a year before she offered to file her amended petition actually acquainted appellant with the existence of the deed and in her reply to the answer she denied that he or William Gose derived title to the land by or through the deed from Philip Gose to the latter. In brief, it does not appear from the amendment that the facts relied on therein as showing the alleged fraud in the deed from Philip Gose to William Gose, were not known to appellant when she prepared and filed her original petition, nor does it give any reason for not pleading them therein. For this reason the circuit court's rejection of the amended petition was not an abuse of discretion.

But for another and more potent reason the amendment was improper. The facts alleged in the amendment did not state a cause of action. If, as therein averred, Philip Gose at a time of financial embarrassment in order to get his property out of the reach of creditors, conveyed it to his son, he could not himself have maintained an action to set the deed aside on the ground that it was a fraud upon the creditors, and what he could not have done in such case the law will not permit appellant as his heir at law to do, for with respect to the conveyance and its legal effect she stands in the shoes of the father.

If the amended petition had alleged a want of capacity in the father to make the deed, or that he had been induced by the fraud, coercion or undue influence of the grantee to execute it, a court of equity at the suit of the heir at law, and upon the showing of such a state of facts, might set the deed aside, but no such state of case is here presented and appellant's amended petition was, on its face, demurrable. If, as averred in the amended petition, the deed from Philip Gose to William Gose, though executed and acknowledged in 1892, was retained by the former until 1901, unrecorded, that fact does not affect the validity of the instrument. It was in the latter year, and before his death, put to record by him, but if it had not been recorded at all, its delivery by him to the grantee, whether made in 1901 or at an earlier date, would as between Philip Gose, his heirs at law and the grantee, have passed the title to the latter, subject to the

life estate of the grantor. The evidence of appellee, Patrick, shows the delivery of the deed to the grantee and that it was recorded, and the amended petition does not sufficiently allege its non-delivery.

The averment of the amended petition that the deed from Philip Gose to William Gose was without consideration is a mere conclusion of the pleader. No facts are alleged showing a want or failure of consideration. It is not alleged that William Gose failed to clothe his father and mother, or that he did not pay to his sister, Esther, the $500.00 as the deed obligated him to do, and it was shown by the evidence that the payment of the $500.00 to the sister was made in land.

It is patent from the record that the appellee received through the deed made him by William Gose a good and sufficient title to the land in controversy, subject to the mortgage lien of D. D. Sublett, and that his second purchase of the land in satisfaction of Sublett's lien debt and its conveyance to him by the commissioner, removed the only incumbrance upon it and perfected the title he acquired under the deed from William Gose.

It follows, therefore, that the circuit court did not err in dismissing appellant's petition or adjudging the appellee, L. C. Patrick, entitled to the land. Wherefore, the judgment is affirmed.