## Preston, et al. v. Town of Paintsville.

(Decided May 5, 1914.)

### Appeal from Johnson Circuit Court.

1. Municipal Corporations—Territorial Extent and Annexation—Proceedings—Continuance.—A proceeding of remonstrance against annexation, instituted under Section 3665, Kentucky Statutes, was instituted by the filing of a petition on September 4, 1913; the answer of the town was filed on September 10, 1913, and notice of the filing thereof served on plaintiffs. On September 16, 1913, the town began taking its proof, concluding the taking thereof on September 24, 1913, on which date it notified plaintiffs that the case would be pressed for trial at the next regular term of court in November. Plaintiffs failed to take proof, and at the

November term moved for a continuance, filing in support of the motion affidavit of one of plaintiff's attorneys offering as ground for continuance lack of time to prepare the case for trial. Held, motion for continuance properly overruled.

2. Trial—Preliminary Proceedings—Time or Term of Court for Trial—Kentucky Statutes 3665 governing proceedings remonstrating against annexation of territory provides that the answer of the town shall be filed twenty days after service of the summons.  Section 367a, subsection 5, Civil Code, provides that suits in equity shall stand for trial at the first term of court after the issue shall be completed, or by the provisions of that act shall have been completed thirty days before the commencement of the term. Held, that where the petition of remonstrance was filed September 4, 1913, and the answer of the town was filed September 10, 1913, the case stood for trial at the next November term of the court, notwithstanding the fact that a demurrer filed with the answer was not passed upon, especially in view of the fact that the defendant after filing its answer on September 10, began taking proof on September 16, and concluded the taking thereof on September 24, 1913, and on that date notified plaintiffs that the case would be pressed for trial at the next regular term of court in November.

3. Continuance—Grounds For—Want of Preparation.—Mere want of preparation is not ground for continuance.

4. Municipal Corporations—Annexation of Territory—Findings of Fact—Conclusiveness on Appeal.—The finding of the chancellor that less than seventy-five per cent of the resident freeholders of the territory proposed to be annexed to a town remonstrated against such annexation, and that such proposed annexation will be for the best interests of the town and will cause no material injury to persons owning real estate within the territory, will not be disturbed on appeal where the evidence is uncontradicted.

VAUGHAN & HOWES for appellants.

FOGG & KIRK and J. K. WELLS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Paintsville is a town of the sixth class.  On August 7, 1913, its Board of Trustees enacted an ordinance preparatory to the annexation of certain territory adjacent to the corporate limits of the town.  This ordinance was published according to law; and on September 4, 1913, and within the thirty days allowed by the statute, appellants, George W. Preston, a resident and owner of real estate in the territory proposed to be annexed, together with eight other persons who were the owners of real estate within said territory, but not residents therein, instituted this action in the Johnson Cir-

cuit Court remonstrating against the proposed annexation.

Pursuant to the statute governing such proceedings, section 3665, Kentucky Statutes, the answer of the town was filed on September 10, 1913. Notice of the filing thereof was served upon the attorneys for the plaintiffs. On September 16, 1913, the defendant town began the taking of its proof in the case, and continued such taking until September 24, on which date it notified the attorneys for the plaintiffs that the case would be pressed for trial at the next regular term of the court in November, the attorney for the town offering and agreeing to waive formal notice of the taking of depositions, and to be present upon the slightest notice.

The plaintiffs failed to take any proof; and on November 6, 1913, the fourth day of the regular November term of the court, defendant town entered a motion to submit the cause for trial. On the next day, plaintiffs moved the court to continue the case, and filed in support of said motion, the affidavit of one of the attorneys for the plaintiffs.

The court overruled the plaintiffs' motion for a continuance, sustained defendant's motion to submit the case, and upon a trial thereof, adjudged the ordinance valid, approved same, and authorized the Board of Trustees to proceed with the annexation of the territory in question. From that judgment, the plaintiffs appeal.

1. Appellants first contend that the court erred in overruling the motion for a continuance; and they rely upon the case of Gaskin v. Georgetown, 118 Ky., 251, in support of their contention in this respect.

Georgetown is a city of the fourth class, and the proceedings in such cases are controlled by section 3483, Kentucky Statutes. Under this section, the proof is produced orally in court; and in that case, the continuance was sought upon the ground of absent witnesses. Those opposing the proposed reduction were defendants, the city having instituted the action as plaintiff, under the provisions of the statute mentioned. The affidavit was in the usual technical form, showed diligence, stated what the absent witnesses would testify, if present, and the truth as well as the materiality of such testimony, and was verified by one of the parties defendant, and in fact constituted a perfect showing for a continuance,

and this court held it was error to refuse the continuance.

But such a state of facts is not here presented. The statute governing this proceeding provides that the proof shall be taken by deposition, and the case shall be tried according to the rules and practice prescribed for the trial of equity causes, but without the intervention of a jury.

The affidavit for a continuance filed herein was that of one of the attorneys for the plaintiffs. It offered as ground for the continuance sought, the fact that counsel for plaintiffs had been unable to find time to prepare the case for trial; and that one of the nine plaintiffs had suddenly become insane. Here, a continuance is sought, not as in the Georgetown case, upon the affidavit of the parties showing in what manner they expected to be benefited by a continuance, but upon mere want of preparation. If employed counsel did not have time to prepare the case for trial, other counsel should have been engaged, or some reason shown by the affidavit of the parties themselves that would excuse their failure to employ other counsel. The affidavit was insufficient, and the court did not abuse a sound discretion when it overruled the motion for continuance. Higgins v. Gose, 144 Ky., 123, 137 S. W., 1038. And, especially is this true in the light of the fact that defendant took its proof without waiting for the plaintiffs to take theirs, and at the close of its taking, notified the attorneys for the plaintiffs that the case would be pressed for trial at the next regular term of the court.

2. It is also contended by appellants that the case did not stand for trial at the November term. Section 367a, subsection 5 of the Civil Code of Practice, provides that suits in equity shall stand for trial at the first term of the court after the issue shall be completed, or by the provisions of the act shall have been completed thirty days before the commencement of the term. Appellants contend that because a demurrer to the petition was filed with the answer, the issues could not be completed until the November term of the court when the demurrer to the petition could be passed upon. There is no such provision in the Code, nor does the statute governing the proceeding here involved contemplate any such delay. The statute provides that the answer shall be filed within twenty days after service of the summons; and it is the policy of the law that cases of this charac-

ter should be disposed of as promptly as the circumstances will permit.

3. Appellants also contend that the judgment is unauthorized and void because there is no order filing the answer. The record contains the following order: "The defendant, Town of Paintsville, previous to the expiration of twenty days from the filing of the petition in this cause, and on this the 10th day of September, 1913, produced, which is ordered to be filed, general demurrer to plaintiffs' petition; and without waiving any of the benefits of said demurrer, defendant produced, which is ordered to be filed, its answer herein." We are therefore unable to understand upon what the appellants base their contention in this respect.

4. Appellants further contend that the description of the territory sought and proposed to be annexed to the town of Paintsville, as set out in the ordinance, is ambiguous, indefinite and inaccurate. The evidence for the defendant town shows that the description is sufficiently definite, and there is nothing in the record to contradict this evidence.

5. Finally, appellants contend that the town failed to show that less than seventy-five per cent of the freeholders of the territory sought to be annexed are remonstrating.

According to the testimony for the town, the number of persons owning real estate within the territory in question is not less than fifty-one; but how many of these are resident freeholders is not shown. However, seven persons testified that they were resident freeholders of said territory, and that they approved its annexation; and it was alleged in the petition that only one of the plaintiffs is a resident freeholder. So there are at least eight resident freeholders of the territory proposed to be annexed, only one of whom is remonstrating. It is apparent, therefore, that less than seventy per cent of the resident freeholders are remonstrating against the proposed annexation.

The statute provides that if the court shall be satisfied that seventy-five per cent or more of the resident freeholders of the territory sought to be annexed have remonstrated, then the annexation shall not take place, unless the court shall find that a failure to annex the territory will materially retard the prosperity of the town and of the owners of property within the territory in question; but if less than seventy-five per cent have

remonstrated, and the court shall find the proposed annexation to be for the interests of the town and that it will cause no material injury to the persons owning real estate within such territory, the annexation shall be approved.

It is abundantly shown by the record, and of course by uncontradicted evidence, as the only evidence in the case is that of the defendant, that less than seventy-five per cent of the freeholders residing within the territory sought to be annexed have remonstrated against the proposed annexation; and that it will be for the best interests of the town of Paintsville and will cause no material injury to those owning real estate within said territory. The Chesapeake & Ohio Railway is the only railway near the town. Part, if not all the territory sought to be annexed lies between the town of Paintsville and the depot. The people of the town are dependent upon this depot for the shipping of their freight, passenger travel and mail. The proper conduct of business requires that a proper roadway for vehicles, as well as sidewalks for foot-passengers shall be provided through the territory sought to be annexed. It is in substance a part of the town now, for it is inhabited largely by people who do more or less business in the town. And, the territory in question will be benefited by the extension of the street lighting system and police supervision, and improved sanitary conditions. This evidence amply sustains the finding of the chancellor. Collins et al v. Town of Crittenden, 70 S. W. 183, 24 R. 899.

The judgment is affirmed.