## Hardin, et al. v. Johnson, et al.

(Decided March 9, 1923.)

### Appeal from Edmonson Circuit Court.

1. Descent and Distribution—Heirs of Purchaser Who Had Title Conveyed to Another to Defraud Creditor Cannot have Conveyance Canceled.—The heirs of one who bought and paid for a tract of land, but had it conveyed to another for the fraudulent purpose of hindering and delaying his creditors, are not entitled to a cancellation of the deed.

2. Courts—Ruling on Demurrer Does Not Preclude Dismissal of Suit.—Though the court erroneously overruled a demurrer to the petition, it was not improper to dismiss for want of cause of action the petition on final submission.

MILTON CLARK for appellants.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming

The appellants, as children and heirs of F. M. Johnson, deceased, were not entitled to a cancellation of the deed to appellee W. H. Johnson, even if, as alleged in their petition, the land thereby conveyed to him was bought and paid for by their father and at his instance conveyed to appellee for the fraudulent purpose of hindering and delaying their father's creditors. Neal v. Neal, 82 S. W. 981, 26 Ky. L. R. 962; Higgins v. Gose, 144 Ky. 123, 137 S. W. 1038; Williamson v. Lowe, 172 Ky. 80, 188 S. W. 1065.

Hence the chancellor did not err in dismissing appellants' petition upon final submission, even if the proof had sustained the allegations thereof, which, in our judgment, is not true. Nor was it any the less his right and duty so to do because of the fact that he had erroneously overruled a demurrer to the petition.

Judgment affirmed.