103  689'
c133  578

---

EMMA KLAES v. CONSTANCE KLAES AND R. F. JESS, Appellants.

**Alimony Decree:** SETTING ASIDE. A decree for alimony obtained by a husband in a suit for divorce, in which his wife did not appear, upon false testimony that the land awarded as alimony was purchased with the husband's money, though the title was in the wife, will be set aside in a suit brought for that purpose.

**HUSBAND AND WIFE:** *Liability for attorneys' fees.* The defendant in a divorce action is liable for a personal judgment for the services of the attorney of plaintiff in securing the divorce, where she procures an award of alimony made to plaintiff and a mortgage from plaintiff to his attorney in payment of the latter's contingent interest in the alimony decreed, to be set aside because the award was obtained through plaintiff's false testimony.

BONA FIDE PURCHASER. A client contracted to pay his attorney one-half the alimony which might be recovered in a divorce suit brought by the client. A divorce having been secured, and certain land, title to which was in the wife, having been awarded as alimony, the client gave his attorney a mortgage on the property

to secure said contract and certain advances made by the attorney. The decree for alimony was thereafter set aside for fraud. *Held*, that the attorney was not a *bona fide* mortgagee, beyond the amount of his advances, the rest of the consideration having failed by reason of the fact that the decree awarding alimony was set aside.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

## SATURDAY, OCTOBER 30, 1897.

SUIT in equity to set aside a decree for alimony rendered in an action for divorce, wherein Constance Klaes was plaintiff and the plaintiff herein was defendant; also, to set aside a mortgage given by Constance Klaes to R. F. Jess on the twenty-sixth day of January, 1895, covering certain property which was awarded the mortgagor as alimony in the divorce suit. Jess contested appellee's right to have the decree set aside, and further pleaded that he took his mortgage in good faith. He also pleaded that appellee and her husband had entered into a conspiracy to defraud him by bringing this suit, and further pleaded an estoppel. The trial court set aside the decree awarding alimony, canceled the mortgage upon the property, but gave Jess judgment against the plaintiff for the sum of one hundred fifty dollars. Plaintiff and Jess both appeal. As Jess first perfected his appeal, he will be called the appellant.—*Affirmed.*

*R. F. Jess pro se*, appellant.

*Lyon & Lenehan* for appellee.

DEEMER, J.—On the twenty-fifth day of January, 1895, Constance Klaes obtained a divorce in the district court of Dubuque county, from his wife Emma Klaes, on the ground of adultery. The court also awarded him,

as permanent alimony, certain lots in the city of
Dubuque, which, he claimed in his petition, and sup-
ported by his oath upon the trial, were purchased with
his own money, although the legal title stood in the
name of his wife.  On the next day Constance Klaes
mortgaged the said lots to the appellant to secure a note
for the sum of one thousand five hundred dollars.  This
note was given to represent one-half the value of the
property secured in the divorce proceedings, under an
agreement by the terms of which Jess, who was the
attorney for plaintiff in those proceedings, should
have one-half of what was recovered as alimony.
Notice of the divorce suit was served by publication,
the appellee at that time being in California.  Soon
after appellee learned of the decree, she returned to
Iowa, and commenced this proceeding to set aside the
decree in so far as it awarded the husband alimony, and
to cancel the mortgage upon the lots.  The petition
recites that the decree, in so far as it relates to alimony,
was based upon fraud and perjury committed by Con-
stance Klaes in obtaining the order.  She claims that
the lots were purchased with her own money, and that
her husband furnished no part of the consideration
therefor; that her husband was a drunkard and a spend-
thrift, and that he contributed nothing to the purchase
of the property in controversy, or to any other property
which she at that time claimed to own; and that the
mortgage to Jess was fraudulent and void, and without
any consideration other than a reasonable attorney's
fee, which appellee avers should not exceed the sum of
fifty dollars.  Constance Klaes appeared, and filed
written consent to setting aside the order for alimony.
Appellant denied the allegations of appellee's petition,
and further stated that he was a good-faith purchaser
of the lots, for value, to the extent of his mortgage inter-
est.  He also alleged that appellee and her husband are

now conspiring to cheat and wrong appellant out of his note and mortgage. Appellant also pleaded an estoppel based upon the fact that, after his suit was commenced, Constance Klaes executed and delivered a quit-claim deed of the property to his wife, the appellee herein. Defendant Klaes, in his petition for divorce, alleged that the lots in question were purchased with his own money, except to the extent of about one hundred and fifty dollars; that the said lots were the homestead of the family, and that the title was allowed to remain in his wife because of his belief in her honesty and fidelity; that appellee was worth from eight to nine thousand dollars when she left Dubuque; and that he (Constance) had always devoted his earnings to the support of his wife. The prayer of the petition was that he be divorced, and awarded the lots in controversy as his permanent alimony. The evidence given by Klaes in his own behalf was in support of these allegations, and at the conclusion of the trial the court granted his prayer for relief.

The evidence introduced upon the trial of this action shows that the testimony given by plaintiff in the divorce proceeding was false and untrue; that he neither purchased the property, nor paid anything for the improvement thereof; that he did nothing towards the support of the family, and was, in sooth, a drunkard and spendthrift This showing calls for the setting aside of the decree, in so far as it relates to the alimony, unless appellant Jess is entitled to protection under his mortgage. *Whitcomb v. Whitcomb*, 46 Iowa, 437; *Rush v. Rush*, 46 Iowa, 648; *Whetstone v. Whetstone*, 31 Iowa, 276. Appellant claims that he is an innocent purchaser of the property, and that his rights under the mortgage should not be disturbed. We are abundantly satisfied that he had an arrangement with Constance Klaes by which he was to receive as compensation for

his services, one-half of the alimony recovered; and it further appears that the mortgage which appellee attacks was made to secure the fulfillment of this contract. At the time the mortgage was executed, Jess gave Constance Klaes a contract, by the terms of which he was to surrender the note and mortgage upon a conveyance to him, by warranty deed, of an undivided one-half interest in the lots. The lots were valued at two thousand, five hundred dollars, but the note was for one thousand, five hundred; two hundred and fifty dollars more than Jess' claim. This excess was to be advanced to Klaes to pay certain claims against him him. Pursuant to this agreement, Jess paid him seventy-two dollars and seventy-five cents. Now, as we have said, this note and mortgage were given to secure the contract by which Klaes agreed to give Jess one-half the alimony recovered, and to secure advances, and for no other purpose. It is likely true that, to the extent of the advances made, Jess is a *bona fide* holder. But he is not such holder as to the remainder, for the reason that the consideration has failed. While the lots were at one time awarded to Klaes as permanent alimony, yet the decree has been corrected, and Klaes has in fact recovered nothing. The original order and decree were subject to timely attack, and a mortgage executed as this one was is not exempt from the results of such an attack. It was given to represent the alimony recovered. If, in the end, no alimony was recovered, then the mortgage was without consideration. It is not a case where one purchases property decreed to another as alimony, without notice of any defects in the decree, paying a valuable consideration therefor, but rather a contract made on the strength of the recovery of a certain amount as alimony, which recovery is afterwards set aside and held for naught.

In such latter case the mortgage is without consideration, and is subject to all legal defenses existing against it. There is no merit in appellant's claim of estoppel. Appellee is not relying upon the quitclaim deed from her husband, and, if she were, there is an express declaration in the deed that appellant's mortgage is void. Nor do we find sufficient evidence of fraud and collusion between Constance Klaes and his wife to justify us in refusing the relief she prays. Appellant says in argument that he does not claim the one thousand, five hundred dollars called for by the mortgage, but that he is entitled to one thousand, two hundred and fifty dollars, and interest on the note; to one hundred dollars claimed to have been advanced to one Hoeffling; and to seventy-two dollars and seventy-five cents paid to Klaes. We may observe, in passing, that there is no evidence that Jess advanced any money to Hoeffling. We have disposed of his claim to the one thousand, two hundred and fifty dollars by showing that the consideration for it has failed, and we take up the claim for money advanced in the next division of this opinion.

II. Emma Klaes appeals from the order of the court allowing Jess a judgment for one hundred fifty dollars and costs against her. Seventy-two dollars and seventy-five cents of this amount was properly allowed because of advancements made by Jess upon the strength of the mortgage. The remainder was, no doubt, allowed as attorney's fees in securing the divorce. The evidence fully justified this allowance, and the court, under the circumstances disclosed, did not err in taxing it to the plaintiff. The mortgage might have been held a valid lien, to the extent of these allowances, but the court did not see fit to so order; and, as no complaint is grounded upon this omission, there is no occasion to

consider the question further. The evidence shows that appellant's services were well worth the amount allowed. The decree of the district court is AFFIRMED.