## *In re* THOMAS B. SMITH, *Petitioner.*

No. 14,723.    (87 Pac. 189.)

### SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Judgment—Impeachment—Fraud.* If in a suit for divorce and alimony the plaintiff be granted a divorce, but through the fraud of the defendant the judgment makes no provision for alimony, the judgment may be impeached for fraud as in other cases, and proper alimony may be awarded without disturbing the decree for divorce.

Original proceeding in *habeas corpus.* Opinion filed October 6, 1906. Petitioner remanded.

*Waggener, Doster & Orr,* and *T. A. Moxcey,* for petitioner.

*C. D. Walker,* and *J. L. Berry,* for respondent.

*In re* Smith.

The opinion of the court was delivered by

BURCH, J.: Ida K. Smith, as plaintiff, procured a judgment of divorce against her husband, the present petitioner, which contained a recital that all questions relating to alimony, suit money, attorney's fees, costs and expenses of suit and advancements of money had been amicably settled between the parties. Therefore no judgment other than as described was rendered concerning the subjects of the settlement. Afterward the plaintiff instituted proceedings for a modification of the judgment respecting matters involved in the settlement, alleging that plaintiff's assent to the arrangement had been procured by false and fraudulent representations of the petitioner and his attorney. The court found against certain of the charges of fraud but sustained others, and modified the judgment by awarding the plaintiff alimony, fixing the time and manner in which it should be paid, and taxing the petitioner with the costs of the divorce suit. For disobedience of the judgment as modified the petitioner was cited for contempt. His defense was want of jurisdiction in the court to change the original decree, and financial inability to pay. The court found against him on the question of fact, ruled against him on the question of law, and committed him to jail. In this application for a discharge the district court's conclusion respecting the petitioner's ability to pay at the time the order of imprisonment was made cannot be reviewed, and if his financial situation has undergone subsequent inhibitive change he should present the facts to the court which deprived him of his liberty. The only question for determination, therefore, is the validity of the judgment which the petitioner failed to satisfy.

The petitioner builds his argument upon certain general statements of the law contained in decisions of this court true in themselves but having no application to the facts of his own case. His premises are found in *Mitchell v. Mitchell*, 20 Kan. 665, *Lewis v. Lewis*, 15

Kan. 181, *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808, 39 Am. St. Rep. 367, and *In re Johnson, Appellant,* 54 Kan. 726, 39 Pac. 725.

In *Mitchell v. Mitchell, supra,* the judgment fixed the amount of alimony to be paid. Afterward, in a suit brought for that purpose, the district court modified the judgment on the ground the financial misfortunes of the defendant had rendered him unable to pay. In reviewing the case this court said:

"Alimony allowed to a wife on a decree for divorce from the bonds of matrimony by reason of the fault or aggression of the husband, under the statute in this state, is to be based upon the circumstances of the parties at the time of the divorce, and is not to be modified by subsequent changes in these circumstances. The court has no power, on subsequent application showing circumstances thereafter arising, to increase or diminish the allowance given in the original judgment." (Syllabus.)

In *Lewis v. Lewis, supra,* a decree of divorce barred the defendant of all rights in the plaintiff's property. In a subsequent suit the service upon which this judgment was based was attacked and held to be invalid. Therefore the court opened the decree and made a new order respecting the property rights of the parties. In a proceeding in error this court held the service to be good, and concluded as follows:

"Where the decree of divorce contained no other order concerning property than one barring defendant of all right and interest in the property of plaintiff, *held,* that this order must stand with the decree, and, the decree being undisturbed, the order could not be set aside." (Syllabus.)

In the case of *Roe v. Roe, supra,* this court said:

"The final judgment in an action granting a divorce settles all property rights of the parties, and is a bar to an action afterward brought by either party to determine the question of alimony, or any property rights which might have been settled by such judgment." (Syllabus.)

And in the case of *In re Johnson, Appellant, supra,*

*In re* Smith.

it was remarked that "the divorce and the adjustment of property interests are not to be regarded as transpiring at different times, but as contemporaneous." (Syllabus.)

From these quotations it is said to follow that the district court had no power to grant relief against the vicious judgment it had been induced to render. The cases cited were all well decided, but they do not in any way fortify the stability of a judgment relating to alimony which has been procured by fraud.

In her petition for divorce Mrs. Smith prayed for alimony. She made it an issue in the case. The decree granted no alimony, and was binding upon her to the same extent as if her claim had been expressly denied. The judgment gave the reason for its failure to pronounce further upon the subject, and concluded the parties as other final judgments bind other litigants. But this judgment, which deprived the plaintiff of an enforceable court order for adequate alimony, was procured by fraud. Therefore it was impeachable for fraud, like other judgments so affected. There is no distinction in this respect between judgments in divorce cases and judgments in other cases. The defendant's dishonesty having left its mark upon that portion of the judgment only which undertook to respond to the plaintiff's claim for alimony, that portion alone needed purging. The provision divorcing the parties was not tainted and there was no reason for disturbing it.

If the reason for attacking the judgment had been furnished by some fact which touched upon the court's authority to proceed at all the judgment would have stood or would have fallen as an entirety, as in the Lewis case. But for the petitioner's fraud there would have been a contemporaneous adjustment of all the rights of the parties, as contemplated by the Johnson case. The court did not grant relief upon any change of circumstance or condition after judgment, as in the Mitchell case. It merely did what would have been done but

for the petitioner's deceit. If the plaintiff had altogether neglected to seek a determination of her right to alimony, as in the Roe case, she would have been remediless. But, having sought a righteous adjudication of the matter at the proper time, and having been circumvented by the petitioner's machinations, the district court still had the power to do justice. The petitioner is remanded.

All the Justices concurring.