[No. 15079.  Department One.  March 31, 1919.]

ELIZABETH FULLINGTON, *Respondent,* v. W. E. FULLINGTON, *Appellant.*[1]

DIVORCE (50)—DECREE—COLLATERAL ATTACK.  Where the custody of a child was awarded by a decree of divorce and no appeal taken, an action cannot be maintained to obtain custody on the ground that the divorce was procured by fraud, since it was a collateral attack and the object sought should have been pursued in the original action.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 24, 1918, upon findings in favor of the plaintiff, in an action to vacate a decree of divorce, tried on the merits to the court.  Reversed.

*W. C. Donovan* and *Geo. H. Armitage,* for appellant.

*A. O. Colburn,* for respondent.

MACKINTOSH, J.—The appellant secured a decree of divorce from the respondent, and was awarded the custody of their minor child.  The respondent later filed a motion to vacate the decree, which was denied. No appeal was taken from this order of denial, nor did the respondent take any further steps in the divorce suit; but began this action alleging that the appellant had procured the divorce by misrepresentation, and that she was a proper person to have the custody of the child.  At the conclusion of the trial, findings were

[1]Reported in 179 Pac. 843.

made that the respondent was a proper person to have the custody of the child, and as a conclusion therefrom she was given such custody during one-half of the year, the child remaining with the father the other half. The findings, conclusion and decree make no mention of the decree in the divorce suit and interfere with it in no way except as already indicated.

This action is one which attempts to modify the divorce decree, and is but a collateral attack upon that decree. The object sought should have been pursued in the original action. This, not being a suit to recover from the father the cost of maintaining the minor child, differs from the cases relied on by the respondent: *Gibson v. Gibson,* 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; *Ditmar v. Ditmar,* 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817; *Schoennauer v. Schoennauer,* 77 Wash. 132, 137 Pac. 325. This case falls squarely within the reasoning of the recent decision in *Hilleware v. Hilleware,* 104 Wash. 361, 176 Pac. 330. The judgment is therefore reversed.

CHADWICK, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.