[No. 16435. Department One. July 28, 1921.]

ANGELA NORMILE, *Appellant*, v. ANNIE DENISON, *Individually and as Executrix of the Estate of S. Normile, Respondent.*[1]

DIVORCE (50-1)—JUDGMENT (227)—RES JUDICATA—MATTERS CONCLUDED—PROPERTY RIGHTS. Although the complaint of the wife in an action for divorce alleged that the parties "have made between themselves a complete adjustment and settlement of their property rights," a decree of divorce confirming their division of the community real estate, without attempting to dispose of their community personalty or mention of the agreement, which was not pleaded, and which was void for fraudulent concealment, is not *res adjudicata* as to personal property rights, and would not bar her from maintaining a subsequent action for the division of community personalty the existence of which had been fraudulently concealed from her at the time of the agreement between the spouses.

[1]Reported in 199 Pac. 995.

WITNESSES (44) — COMPETENCY — TRANSACTIONS WITH PERSON
SINCE DECEASED. In an action by a divorced wife to recover one-
half of community personal property fraudulently concealed from
her by her husband at the time of a property division agreement be-
tween them, her testimony that she relied upon the statements made
to her and obtained from other witnesses who testified as to repre-
sentations made by her husband, since deceased, without attempting
to testify as to what was said by the latter, would not come within
the statutory prohibition against testifying as to transactions with a
deceased person.

Appeal from a judgment of the superior court for
King county, Wilmon Tucker, judge *pro tempore,* en-
tered November 29, 1920, upon findings in favor of the
defendant, in an action to recover a community interest
in property. Reversed.

*Preston, Thorgrimson & Turner,* for appellant.

*Gill, Hoyt & Frye, Chadwick, McMicken, Ramsey &
. Rupp,* and *John P. Garvin,* for respondent.

PER CURIAM.—The law of this case was practically
settled in nearly all respects in a former appeal, re-
ported in 109 Wash. 205, 186 Pac. 305. Upon the going
down of the remittitur on the former appeal, issues
were settled by the filing of an answer containing de-
nials and affirmative allegations, and an appropriate
reply thereto.

At the trial the evidence on behalf of the appellant
practically followed the allegations of the amended
and supplemental complaint, which we held in the for-
mer appeal stated a cause of action, and there was
very little contradiction of such evidence.

On behalf of respondent it was pleaded and shown
that, on the same day that the second contract was
entered into, referred to in the decision on the former
appeal, March 28, 1917, appellant began an action for
divorce against the deceased, S. Normile, in which she
alleged, among other things, that she and the defend-

ant "have made between themselves a complete adjustment and settlement of their property interests." This allegation in the divorce proceedings was admitted in the answer, and the decree in the divorce proceeding confirmed the division between the parties of the real property which had been divided between them, as made by them. There was no attempt made to dispose of the personal property in the divorce case, nor any notice taken thereof by the divorce court.

Upon this appeal three propositions are vigorously asserted by respondent, namely: (1) that appellant is estopped by the divorce proceedings from maintaining this action; (2) that the agreement of March 28, 1917, is binding upon the appellant; (3) that, even though the agreement of March 28, 1917, be cancelled and disregarded, appellant has received her full share of the property.

The second proposition was decided adversely to respondent in our former decision. The third proposition is not sustained by the evidence.

The first proposition deserves some discussion. Respondent contends that, in the divorce proceeding, it became an admitted and adjudicated issue between the parties by virtue of the allegations in the complaint, the admission in the answer, and the reference thereto in the decree, that there was a complete property division between the parties. It is admitted, however, that it is not necessary in a divorce proceeding that the property rights of the parties be adjudicated; but that, where the property question is brought before the divorce court by complaint, answer or cross-complaint, the court acquires jurisdiction of the property interests of the parties. *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103. And it is contended, therefore, that, where the property question is

before the court, the adjudication in the divorce court will be deemed final and conclusive upon the questions which were or could have been litigated (*Averbuch v. Averbuch*, 80 Wash. 257, 141 Pac. 701, Ann. Cas. 1916 B. 873), and that the parties are estopped from taking any inconsistent or contradictory position with reference thereto. *In re Clifford*, 37 Wash. 460, 79 Pac. 1001, 107 Am. St. 819.

It is further contended that this proceeding is, in effect, a collateral attack against the divorce proceeding.

Respondent is in error in assuming that there was a complete adjudication of the property rights in the divorce proceedings. The agreements entered into between the parties prior to the institution of the divorce suit were not brought into the proceedings in that case in any way except by the mere reference to the property settlement which had been made by the parties. The divorce court did not dispose of the personal property of the parties in any way, but did confirm the division of the real estate.

There is no dispute but that the settlement of the property rights between the parties referred to in the divorce complaint was the agreement of March 28, 1917. That agreement, we held on the former appeal, with the facts concerning the inducements and the concealment of property not included therein, was subject to being attacked and set aside for the fraudulent concealment. The divorce proceedings could not have confirmed that contract unless the contract had been alleged and one or the other of the parties asked that it be annulled or confirmed, and the divorce court had acted thereon. Such, as we have seen, was not the case.

We therefore conclude that the appellant is not estopped by the proceedings and the decree in the di-

vorce case. For a further and more convincing argument to sustain the right of appellant to recovery, see the opinion on the former appeal, *supra.*

It is also contended that the testimony of the appellant, that in making the contract of March 28, 1917, she relied upon representations made to her, is incompetent and should be disregarded.

Appellant did not attempt to testify what was said to her by her deceased husband. Some of the statements as to his property were proven by other witnesses, and appellant testified that she also gained information from Mr. Hoyt, who was the attorney for Normile; and Mr. Preston, who was her attorney, testified as to information gained from Mr. Hoyt, who had a statement of the items of real and personal property and their respective values obtained from Normile. Appellant testified that she relied upon the statements and representations which were made to her and obtained from these other witnesses and attorneys. We have held that for a person to testify that he has relied upon statements of deceased is not within the prohibitions of the act against testifying to a personal transaction or communication between them. *O'Connor v. Slatter,* 46 Wash. 308, 89 Pac. 885.

The evidence showed the discovery by the respondent executrix of personal property of the deceased, as follows:

Bonds in Local Improvement District No.
   2718, City of Seattle, of the par value of $25,200.00
Bond in Local Improvement District No. 28,
   of the par value of.................... 213.50
Bonds in Local Improvement District No.
   3262, amounting to.................... 500.00

Making a total of personal property aggregating ..............................$25,913.50

which had been concealed from appellant by her husband when making the property settlement. Under our decision on the former appeal, she is entitled to one-half of this concealed property (being community property) as her absolute property.

We therefore feel compelled to reverse the judgment of the lower court, and adjudge the appellant to be entitled to the sum of $12,956.75, and costs.