[Civil No. 1900. Filed April 12, 1922.]

[205 Pac. 910.]

# EDWIN M. LE BARON, Appellant, v. EDITH V. LE BARON, Appellee.

1. DIVORCE—DECREE CHANGES COMMUNITY ESTATE INTO TENANCY IN COMMON.—In a suit for divorce, when there is no allegation as to community property and no decree on that point, the former spouses hold the property as tenants in common, subject to marital partnership debts.

2. HUSBAND AND WIFE — JURY'S ARBITRARY DIVISION OF COMMUNITY PROPERTY NOT UPHELD.—Where, in an action for division of community property after divorce granted the husband, it was shown that the community estate was indebted beyond its ability to pay, and the jury were not instructed as to a division of the property, a verdict that the husband should pay the wife, without reference to a division or valuation of the property, cannot be upheld.

3. JUDGMENT—PARTY SEEKING TO SET ASIDE JUDGMENT MUST SHOW MERITORIOUS DEFENSE.—One seeking to set aside a judgment procured against him by the fraud of his adversary by which he was prevented from presenting his defense must allege and prove that he had and has a meritorious defense to the cause of action upon which the judgment rests.

4. DIVORCE—COMPLAINT IN ACTION TO VACATE DECREE AS RESPECTS PROPERTY RIGHTS HELD INSUFFICIENT.—In an action by a wife to vacate and set aside a divorce decree in so far only as it affected property rights and the custody of the children, where it was alleged that upon no other reason but the husband's fraud, the wife refrained from defending or introducing any evidence in the divorce action, but it was not alleged that if she had defended she could have established the falsity of allegations in the husband's complaint or any defense thereto, the complaint was insufficient.

5. DIVORCE—DIVORCE DECREE CANNOT BE IMPEACHED IN PART ONLY. In view of Civil Code of 1913, paragraphs 3862 and 3870, where, as an incident to the granting of divorce, property questions and custody of children had been adjudicated, an action by the wife, based on the husband's alleged fraud, to vacate and set aside, the decree only as it affected property rights and the custody of the children *held* not maintainable, as a judgment cannot be impeached in part only, where the fraud claimed affects the whole judgment.

---

1. On effect of divorce on community property in absence of adjudication, see note in 11 L. R. A. (N. S.) 103.

APPEAL from a judgment of the Superior Court of the county of Maricopa. Fred L. Ingraham, Judge. Judgment reversed.

### STATEMENT OF FACTS.

The appellant, Edwin M. Le Baron, on July 24, 1918, brought suit for divorce in the superior court of Maricopa county, Arizona, against the appellee, Edith V. Le Baron, alleging as cause therefor: .

"That in the year 1918 defendant has at various and sundry times been guilty of outrages towards this plaintiff and willfully treated plaintiff cruelly."

The appellee appeared and answered the complaint and denied the allegations thereof. Thereafter, and on August 10, 1918, a divorce was granted to the appellant herein, without opposition, and he was awarded by the decree the custody of the three minor children of the union; visitorial rights being accorded to the wife. On August 27, 1918, this decree was modified by the consent of the parties to the extent of permitting the children to be removed from the state of Arizona by their custodian, the father; he being required thereby to pay the sum of $25 per month to the mother in order that she might have the necessary means to pay her way to said children for visitorial purposes.

The present action was brought on January 15, 1920, by the appellee against the appellant, praying, with other relief, for a decree vacating and setting aside the decree of divorce granted the appellant so far only as such decree affected the property rights of the parties and awarded the custody of the children to him. (For purposes of convenience, we shall hereafter refer to the parties as they were designated in the court below in this action, i. e., the appellee, Edith V. Le Baron, as plaintiff, and the

23 Ariz.—36

appellant, Edwin M. Le Baron, as defendant.) The complaint alleges:

"That by reason of the fraud, deception, coercion and intimidation practiced upon and perpetrated against the plaintiff herein by the defendant, his attorneys and agents, as hereinafter complained of, and for no other reason, this plaintiff refrained from defending in said cause No. 10,956 (the divorce action) or introducing any evidence in her behalf therein."

And at considerable length it alleges the facts of defendant's conduct by means of which she was prevented from defending in the former action. The community property is described as consisting of an equity in certain lands of the value of $8,000 and of personal property in the form of promissory notes and accounts receivable in the sum of $4,350. Plaintiff first discovered the complicity of the defendant in the fraud by which she was induced to permit the divorce case to go without defense on November 13, 1919. It is further alleged that defendant is an unfit and improper person to have the care and custody of the children of the parties, and that the plaintiff is in all respects a fit and proper person to have such care and custody. The prayer of such complaint is in the following language:

"(1) That the decree and order made and entered in said cause numbered 10,956, in so far as it affects the property rights of plaintiff herein, her right to the care and custody of her said children, and her right to alimony and support money for herself and her said children, be annulled, vacated and set aside.

"(2) That the defendant be required to account to the plaintiff for all property of the plaintiff and defendant as the said property existed on the first day of January, 1918, and that the plaintiff have judgment for such portion thereof or such sum in lieu thereof as to the court may seem meet and equitable.

"(3)   That the plaintiff be awarded the absolute custody of her children, Ellen Le Baron, William Le Baron, and Mary Le Baron, and that the defendant be required to pay to the plaintiff monthly such sum as to the court may seem meet and proper for the care and support of said children.

"(4)   That the defendant be required to pay to the clerk of the court for the plaintiff such sums as to the court may seem reasonable and proper as an attorney fee for plaintiff's attorneys.

"(5)   That the court make such other and further orders herein as to it may seem meet and equitable.

"(6)   That plaintiff recover her costs herein incurred."

The answer of the defendant to this complaint, by various general and special pleas, challenged its sufficiency in law and denied its truth in fact. The court below upheld the sufficiency of the complaint as against the objections made, and the cause was tried to a jury, to which were submitted certain of the controverted issues by interrogatories, 57 in number, the answers to which, with few exceptions, were favorable to plaintiff. Thereafter the court adopted the said interrogatories, with the answers thereto, as its findings of facts upon the controverted questions submitted to the jury for determination, and, upon these findings and the admissions made by the pleadings, adjudged that plaintiff was entitled to the relief prayed for in her complaint, vacated and set aside the former decree and the order modifying the same, in so far as such decree and order applied to the community property of the parties, or the custody of the children and their support and maintenance, and specifically awarded the plaintiff the sole custody of the children with visitorial rights only to the defendant, gave judgment against defendant for the sum of $5,000, and required the defendant to pay $100 per month to the plaintiff for the support and maintenance of

the children. From this judgment and the order of the court denying the defendant a new trial, the defendant has appealed. The cause is before us in a voluminous abstract comprising over 1,300 pages, or nearly 4,000 folios of printed matter, being a record of proceedings which occupied some three weeks' actual time in the trial to a jury in the court below. Further facts will be stated in the opinion.

Messrs. Dougherty & Dougherty, Mr. M. J. Dougherty, Mr. W. L. Barnum, Mr. Peyton H. Smith, and Mr. G. A. Rodgers, for Appellant.

Messrs. Hayes, Laney & Allee, for Appellee.

FLANIGAN, J. (After Stating the Facts as Above.)—The complaint and decree in the divorce action were silent concerning the community property, or its disposition. In a suit for divorce "when there is no allegation as to the community property and no decree or judgment on the point, the decided weight of authority is that the former spouses hold the property as tenants in common, subject of course to the payment of the debts of the marital partnership." McKay on Community, Property, § 413, and cases cited; *Ambrose* v. *Moore,* 46 Wash. 463, 11 L. R. A. (N. S.) 103, and annotations, 90 Pac. 588. Following the authorities cited, we hold that the decree of divorce changed the tenancy of the parties from that of equal owners of the community estate (*La Tourette* v. *La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac. 426) to that of equal owners as tenants in common in the property.

The effect of the former decree, viewed as an entirety, was therefore to dissolve the marriage bonds, award the custody of the children to defendant, with visitorial rights to plaintiff, and to invest the parties with the title to the former community

property as tenants in common thereof. The decree in the present action does not affect the divorce decree in so far as a dissolution of the marital relation is concerned, but modifies it by awarding plaintiff a judgment against defendant in the sum of $5,000, in lieu of her interest as a tenant in common in the former community property, divests the defendant of the right granted him by such former decree to the custody of the children, and awards their custody to the plaintiff, and requires the defendant to pay plaintiff $100 per month for their support and maintenance. This judgment for the sum of $5,000 was based upon the answer of the jury to interrogatories requiring them to ascertain what sum of money, if any, the plaintiff was entitled to recover from defendant as and for plaintiff's interest in the former community property, to which they answered that "she is entitled to recover $5,000."

The defendant's testimony, which can hardly be said to have been contradicted at all, tended to prove that the community estate was probably indebted for community debts beyond its ability to pay. Furthermore, the jury were not instructed that they were to make a division of the property as it existed at any time in kind. In fact, no rule whatever was announced for their guidance in arriving at the determination made. Nor is it pretended that the verdict and judgment are based upon an accounting. Under the evidence, the form of the interrogatories, and the entire failure to instruct the jury as to any rule for division of the property, it is very plain that in answering these interrogatories the jury did precisely what they were justified in assuming it was their duty to do, i. e., fixed a sum based exclusively upon their own conception of what it was fair and equitable the defendant should pay to plaintiff, without reference to a division or valuation of

the property, or any rule by which they should make the division. The judgment, based upon the sum so fixed, must be regarded as a purely arbitrary determination which cannot be upheld.

While this error is outstanding, it is not the only instance in the voluminous record before us of error, to the prejudice of the defendant here, on the trial. These we shall not pause to further consider because of our disposition of the case on the objections made *in limine* of the proceedings.

It is not contended by the defendant that the complaint does not set forth facts sufficient upon which to predicate the relief sought, so far as it discloses the conditions brought about by defendant to prevent the plaintiff from presenting any defense she might have had to the divorce complaint. See *Graham* v. *Graham,* 54 Wash. 70, 18 Ann. Cas. 999, L. R. A. 1917B, 405, 102 Pac. 891. But it is contended that, as the complaint does not allege that plaintiff actually had a valid and meritorious defense to the divorce action, it is insufficient upon which to predicate any relief. In an equitable action to set aside a judgment, secured upon due service of process, it is unquestionably the general if not the universal rule that the party seeking to set aside the judgment procured against him by the fraud of his adversary, by which he was prevented from presenting his defense, is bound as a prerequisite to relief to allege and prove that he had and has a valid and meritorious defense to the cause of action upon which the judgment complained of rests. *Bernhard* v. *Idaho Bank & Trust Co.,* 21 Idaho, 598, Ann. Cas. 1913E, 120, and notes, 123 Pac. 481; *Graham* v. *Graham, supra,* and cases in L. R. A. 1917B, p. 427, notes; 23 Cyc. 1022. The reason of the rule is patent. One seeking to overthrow a judgment must show that he is damnified thereby, which cannot be the case if he is without

defense to the cause of action upon which the judgment is based.

The application of this rule to the allegations of the complaint shows it to be fatally insufficient for want of any allegation or showing that the plaintiff ever had any defense to the original action for divorce. While it is alleged that, "by reason of the fraud, deception, coercion and intimidation practiced upon and perpetrated against the plaintiff herein by the defendant, his attorneys and agents, as hereinafter complained of, and for no other reason, this plaintiff refrained from defending in said cause, or introducing any evidence in her behalf therein," it is not alleged that, if she had actually defended in the cause, she could have established the falsity of the allegations made in defendant's complaint, or any defense thereto. And in this connection it is to be noted that plaintiff does not even attempt to assail the judgment in so far as it dissolves the marital relations. In nowise does she seek the relief a predicate for which would be a valid and meritorious defense to the original action. The insufficiency of the complaint in the respect mentioned requires a reversal of the judgment.

But for another reason equally fatal to the maintenance of the proceedings this judgment cannot stand. That reason concerns the integrity of judgments and the general rule which forbids their impeachment in part only.

From the allegations of the complaint and the relief asked, it is apparent that the plaintiff seeks relief from the operation and effect of the divorce decree in so far only as it concerns the disposition of the property and the awarding of the custody of the children. No right to relief against the judgment dissolving the marriage is either shown or prayed

for. Upon the trial of the cause plaintiff's counsel expressly waived any right to such relief.

If the court in the former action had concluded that the defendant had not proved the allegations of his complaint charging cruelty, it would have been its duty to dismiss the cause. In that event, it could have made no order concerning the property or the children. Its powers to adjudicate concerning the community property, or to award the defendant the custody of the children, were incidental to its jurisdiction to decree the dissolution of the marital relation, and to be exercised only when such a decree was made. The change in the tenancy of the parties from that of owners of the community estate to that of tenants in common thereof was a result which followed by operation of law upon the granting of the decree making no specific disposition of the property. All this is apparent from the provisions of our Civil Code on the subject, from which we quote paragraph 3862, as it read at the time of the trial of the original action, and paragraph 3870 of that Code:

"The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard for the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to separate property." Paragraph 3862.

"In suits for divorce the court may make such orders concerning the care and custody of the minor children of the parties and their suitable maintenance during the pendency of the action as may be deemed proper and necessary for the well-being of the children, and in the final judgment rendered in any such suit or in any suit for annulment of the marriage, the court may make such disposition of, and provision for the minor children, as shall be deemed

most expedient under all circumstances, and for the present comfort, and future well-being of such children." Paragraph 3870.

The language used in *Ambrose* v. *Moore, supra,* referring to the power of the court to dispose of the community property by its decree in the divorce proceedings, is apposite:

"The power to dispose of the property of the husband and wife is a mere incident of the power to grant the divorce, and ordinarily that power cannot be exercised by another court and at another time or in an independent action."

It follows that, as the former judgment dissolving the marriage was neither successfully impeached nor even attacked, the matters which it became necessary to adjudicate as an incident of such dissolution, the judgment not being avoided, should also stand unavoided. *McCraney* v. *McCraney,* 5 Iowa, 232, 68 Am. Dec. 702. Whether we view the complaint as a pleading insufficient in fact to avoid the former judgment, and therefore an unsuccessful direct attack, or as a collateral attack, as such, the result must be the same. It is an attempt, without setting aside the former judgment, to "obtain another and independent judgment which will destroy the effect of the former judgment." The proceedings are therefore within the rule which forbids a collateral attack to be made upon a judgment by a party thereto for any cause, including fraud, unless the judgment is void on its face. *Tube City Min. & Mill. Co.* v. *Otterson,* 16 Ariz. 305, L. R. A. 1916E, 303, 146 Pac. 203; *Henderson* v. *Towle, ante,* p. 377, 203 Pac. 1085.

That there are cases where a judgment may be impeached for fraud invalidating it in part only is true. Counsel for plaintiff have cited many such cases in opposition to the doctrine of *McCraney* v.

*McCraney, supra,* which support their contention
that such partial invalidity may be decreed in the
subsequent suit for fraud, which does not affect
the decree of divorce itself. The cases so cited
are *Klaes* v. *Klaes,* 103 Iowa, 689, 72 N. W. 777;
*McMurray* v. *McMurray,* 67 Tex. 665, 4 S. W. 357;
*Trammell* v. *Trammell* (Tex. Civ. App.), 80 S. W. 119;
*Holt* v. *Holt,* 23 Okl. 639, 102 Pac. 187; *Ex parte
Smith,* 74 Kan. 452, 87 Pac. 189. We summarize
these decisions on the point in question:

In *Klaes* v. *Klaes, supra,* a decree for alimony
obtained by a husband in a suit for divorce was set
aside in a suit brought for that purpose by the wife.
The relief granted was based upon the facts that
the husband had given false testimony concerning
the land awarded to him as alimony, and that the
title thereto was actually in the wife.

In *McMurray* v. *McMurray, supra,* the petition of
the wife against the divorce decree alleged, amongst
other matters, that the decree depriving her of her
full share in the community property was obtained
by false testimony and concealment of assets on the
part of the husband. Holding that the husband as
a trustee for the wife was bound to good faith, and,
in effect, that the property by reason of his fraudu-
lent concealment had not been disposed of by the
decree, the court set that portion of the decree aside
and judged the wife entitled to the same share
of the property which the defendant husband him-
self was entitled to retain.

In *Trammell* v. *Trammell, supra,* the decree, so far
as it affected the custody of the minor children,
being tainted with fraud, was set aside. The court
said:

"The evidence is sufficient to show that a fraud
was perpetrated upon the appellee by the appellant

in procuring the judgment awarding him the custody of the minor children.''

*Holt* v. *Holt, supra,* was a case of egregious fraud practiced upon the wife by the husband, whereby she was prevailed upon to obtain a decree of divorce, surrender her right to the custody of her children, and being ''induced partly by the deceit practiced by defendant in misrepresenting to her the extent of his fortune'' brought the suit and accepted an entirely inadequate and unfair provision. This result of the fraud was remedied by the second decree.

In *Ex parte Smith, supra,* the court, setting aside the judgment for alimony without disturbing the original decree, said:

''The defendant's dishonesty having left its mark upon that portion of the judgment only which undertook to respond to the plaintiff's claim for alimony, that portion alone needed purging. The provision divorcing the parties was not tainted and there was no reason for disturbing it. If the reason for attacking the judgment had been furnished by some fact which touched upon the court's authority to proceed at all, the judgment would have stood or would have fallen as an entirety, as in the Lewis case.''

Only in the case *Ex parte Smith* was there anything like a discursive examination of the legal or equitable principles which authorize a court to set aside a former judgment in part only. Without further analysis of these decisions, it is evident that they are not authority for the proposition that a decree may be set aside in part where the sole ground of impeachment of such decree is the fraud of the successful party in obtaining the decree at all. The distinction we have in mind is expressed in the language quoted from the case of *Ex parte Smith, supra.* In the case at bar, the plaintiff does not undertake to allege or prove that by defendant's conduct she was deprived of the opportunity of presenting any

defense, which, without affecting the decree of divorce itself, would impeach the adjudication concerning the property rights and the custody of the children. The allegation of the complaint is merely that by reason of plaintiff's fraud, deception, coercion, and intimidation she refrained from defending in said cause or introducing any evidence in her behalf therein. So that even if the complaint had sufficiently alleged a complete defense to the original action (which it does not do), it would not be sufficient upon which to predicate the partial relief asked for, and at the trial insisted upon, as it alleges nothing which directly and peculiarly affects the remaining portions of the decree. Paraphrasing *Ex parte Smith, supra,* the defendant's dishonesty has not left its mark upon that portion of the judgment only which affects the property rights or the custody of the children.

Plaintiff's counsel depict the unhappy plight of their client thus forced to ask for a reuniting of the severed marital bonds as a prerequisite to the relief prayed for. But the duties of the marital relations might have proved an irksome burden to the parties before the divorce was granted, without opening up any legal avenue of escape. It is axiomatic that the mere unwillingness of husband and wife longer to continue in such relations is not in itself ground for divorce. Consent will not suffice. Some cause for divorce mentioned in the statutes must exist.

The defendant in this case, as is his right, insists that the former decree is in all respects valid and unaffected by any fraudulent procurement or concealment on his part. He stands upon that decree and insists that he is entitled to all rights conferred upon him by its terms. We must rule that he is entitled so to do. The plaintiff's position can only

be justified upon the proposition that, if she were able to prove the invalidity of the former decree in its entirety in this action, her right to have it set aside is assimilable to a right to property which she may voluntarily waive, and that she may permit the former decree to stand, though based on no legal ground, and relitigate the other dispositions made by the decree with which she is dissatisfied. To this proposition we cannot assent. The decree of divorce cannot be a rock foundation for plaintiff to build upon and one of sand for defendant. And, under principles of the integrity and conclusiveness of judgments, to which we have adverted, it cannot be permitted that plaintiff relitigate and try by piecemeal that which has once been properly determined as a part of an integral whole, by a judgment which (so far as this record shows) plaintiff is neither able nor willing to overthrow.

The complaint being insufficient because it fails to allege a valid and meritorious defense to the original action, and the proceedings as a partial attack upon the original divorce decree not being maintainable, the judgment must be reversed, and the cause remanded to the court below with 'instructions to dismiss the complaint.