[No. 18841.  Department Two.  November 19, 1924.]

LAVINA BULLOCK, *Appellant*, v. J. W. BULLOCK *et al.,*
*Respondents.*[1]

DIVORCE (50)—JUDGMENT (163, 183)—RES JUDICATA—MATTERS
CONCLUDED—PROPERTY RIGHTS ON DIVORCE—COLLATERAL ATTACK.  A
property settlement between husband and wife, approved in the in-
terlocutory and final decree as just and equitable, and fully executed
by the husband, the wife retaining all the benefits, cannot be collat-
erally attacked by the wife for fraud, in an action for an account-
ing and an equitable division, there having been no direct attack
upon the divorce decree.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered March 31, 1923, dis-
missing an action for equitable relief, tried to the
court. Affirmed.

*Walter S. Fulton* and *J. L. Corrigan,* for appellant.

*Bausman, Oldham & Eggerman* and *Walter L.
Nossaman,* for respondents.

HOLCOMB, J.—Appellant complains in her action of
alleged fraud of respondents in inducing her to enter
into a settlement of property rights between herself
and respondent Bullock. She complains that she did
not receive half of the community property in a prop-
erty settlement preceding a divorce. It is alleged that
respondents were intimately and closely associated
together in business transactions and that respondent
Kelleher had a large amount of personal property
owned by the community, the Bullocks, standing in his
name and in his possession; that the character and ex-
tent of such property was unknown to appellant, but
that there was in fact a large number of shares of
stock of the Seattle National Bank belonging to the
community. It is also alleged that, through the conceal-

[1]Reported in 230 Pac. 130.

ment and deceit of respondents, and on account of her nervous and high-strung condition caused by the acts and conduct of the respondent Bullock, she was induced to, and did, in July, 1921, enter into an agreement settling and dividing the property and interests of the community, under and by which she was to and did receive the sum of $50,000 in cash, an additional sum of $10,000 when certain real property in Seattle was sold, and $30,000 additional when certain mining property in California was sold, which, it was represented, and she was induced to believe was more than her share of the community property, and was a fair, just and liberal settlement of the property rights of the parties.

Appellant prayed for a complete and final accounting to be had with the respondents after they had been compelled to expose and set forth a full and complete account of all property, real and personal, of every nature and description; that the agreements referred to in the complaint be set aside and held for naught, and that appellant have judgment against the defendants, and each of them, for an equal and undivided half of the value of all property, real and personal, owned by the parties at the time of the agreement mentioned, executed in July, 1921, less the amount appellant had already received; and for such other and further relief as may be equitable.

Respondent Kelleher answered, denying all of the allegations of fraud, overreaching, deceit and concealment, but admitted that appellant and her husband reached an agreement in settlement of their property rights, and, at their request, Kelleher drew up the written agreements, etc.

Respondent Bullock answered, denying the allegations of fraud, deceit and concealment, and admitted

the making of the contract and settlement of the property rights, and that, at their request, respondent Kelleher drew up the agreement.

As an affirmative defense, respondent Bullock set up the divorce proceedings instituted by appellant against respondent Bullock, and a supplementary contract in reference to the division and settlement of the property rights of the parties, made at the request of appellant and her attorney, whereby additional sums were paid for indebtedness of appellant in sums approximating $1,000; that the original agreement and the supplemental agreement have been fully performed by respondent Bullock; that appellant was represented in the divorce proceedings instituted by her by her attorney, and that, among other things, in her pleadings she alleged that the parties to the action had divided amicably and justly their property between themselves by written agreement signed by them, dated July 27, 1921, and by supplemental agreement signed by them January 12, 1922, alleging that the agreements were just and equitable, and prayed that they be confirmed. The agreements were set up in full as a part of respondent Bullock's defense. It was also alleged by respondents and shown that, in the divorce action, upon the prayer of appellant's complaint, the contracts dividing and settling the property rights of of the parties were approved and confirmed. Among other things, the trial court in that case found "that the parties to this case have divided amicably and justly their property between themselves by written agreement signed by each of them, dated July 27, 1921, and by supplemental agreement signed by each of the parties, dated January 12, 1922;" and the court thereupon concluded that "the property settlement and agreements above described should be approved

and confirmed by the court as just and equitable."

It was also alleged, and shown by respondents at the trial, that, in the divorce proceedings, the superior court made and filed an interlocutory order or judgment granting a divorce to appellant, in which it was ordered, adjudged and decreed that the parties to the action had divided amicably and justly their property between themselves by the above-mentioned written agreements, and that the agreements were approved by the court as just and equitable. Thereafter, on August 17, 1922, the superior court made and filed in the divorce action of appellant its final decree by which the interlocutory decree of February 16, 1922, was in all respects confirmed, and appellant was granted an absolute decree of divorce from respondent Bullock.

Respondent in every respect carried out the agreements of July 27, 1921, and January 12, 1922, and appellant received and retained all the moneys so paid to her by respondent.

The interlocutory decree of February 16, 1922, and the final decree of August 17, 1922, have never been modified and at all times have been in full force and effect, and no appeal was taken therefrom by either of the parties.

The lower court held that the prior judgment, unappealed from, unmodified, and unassailed in any direct proceeding could not be attacked collaterally, as he held is the case here.

It must be noted by the synopsis of the pleadings and the evidence given here that what appellant seeks to do is to set aside contracts which had been adjudicated in her favor as just and equitable. She has not attacked the decree or the interlocutory decree of divorce. Therefore this is purely a collateral attack. *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *Schultz v.*

*Christopher,* 65 Wash. 496, 118 Pac. 629, 38 L. R. A. (N. S.) 780; *Hicks v. Hicks,* 69 Wash. 627, 125 Pac. 945; *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138; *Fullington v. Fullington,* 106 Wash. 239, 179 Pac. 843; and *Hilleware v. Hilleware,* 104 Wash. 361, 176 Pac. 330.

Appellant relies largely upon our decisions in *Normile v. Denison,* 109 Wash. 205, 186 Pac. 305, and upon second appeal, 116 Wash. 452, 199 Pac. 995.

The decisions in those cases are not apposite. In the first decision, there was no question involved of a decree approving the settlement. A property settlement was set aside at the suit of the wife for fraudulent concealment by the husband. In the second decision, it appears from the opinion that, on the same day the contract of settlement was entered into, the wife began her action for divorce, alleging that the parties had made a complete adjustment of their property interests. This was admitted by answer. The decree in the divorce action confirmed the division between the parties only as to real property. The suit brought by the wife did not relate to real property at all, but only to personal property, which was not referred to in the decree, and the division of which was not confirmed by the court. In the opinion it was said:

"The divorce court did not dispose of the personal property of the parties in any way, but did confirm the division of the real estate."

It was also said in the second *Normile* case:

"The divorce proceedings could not have confirmed that contract unless the contract had been alleged and one or the other of the parties asked that it be annulled or confirmed, and the divorce court had acted thereon."

In the case at bar, appellant had alleged the contracts involved and had asked that they be confirmed

as just and equitable, which was done. The adjudication thereon is, therefore, binding unless attacked and set aside in a direct attack in the divorce case. Such is not this case.

The judgment must be and is affirmed.

MAIN, C. J., FULLERTON, PARKER, and BRIDGES, JJ., concur.