[Civil No. 3208. Filed March 1, 1933.]

[19 Pac. (2d) 685.]

MAX BERMAN, as Executor of the Estate of KATHERINE ALICE HARRINGTON, Deceased, Appellant, v. LLOYD THOMAS, as Administrator of the Estate of JOHN P. HARRINGTON, Deceased, Appellee.

Mr. Edw. J. Flanigan, Mr. O. V. Willson and Mr. Don. P. Skousen for Appellant.

Mr. Charles L. Rawlins, Mr. George H. Rawlins, and Mr. Cullen A. Little, for Appellee.

ROSS, C. J.—This is an action by the wife, Katherine Alice Harrington, against the administrator of her deceased husband, John P. Harrington, for a division of community property and for an accounting. Since the trial in the lower court the plaintiff has died and her executor, Max Berman, has been substituted for her. Herein we shall refer to the wife as plaintiff and to the husband as defendant. The case was tried before the court on the pleadings and certain documentary evidence offered by the defendant in support of his pleas of *res judicata* and in abatement, and resulted in a judgment in favor of defendant. From this judgment the plaintiff has appealed. She contends under the admitted facts and the law applicable thereto she should have been given judgment as prayed.

From the pleadings and the evidence the facts appear to be as follows: The plaintiff and defendant were married April 21, 1908, in Salt Lake City, Utah, and later moved to Globe, Gila county, Arizona. They lived together as husband and wife until 1917. In 1919 in the superior court of Gila county, in cause No. 3352-B, the defendant, alleging desertion, filed a complaint asking to be divorced from plaintiff. In his complaint he alleged: "That the parties hereto

have accumulated community property during their said marriage; and that the property rights between the parties hereto have been adjudicated and settled and the defendant has received her share of the said community estate." He prayed for a divorce "and that the adjustment of the property right be approved." The plaintiff filed an answer denying that she was guilty of desertion, and also filed a cross-complaint in which she charged defendant with desertion and asked that she be divorced from him on that ground. In neither the answer nor the cross-complaint was any reference made to the property settlement as alleged in the complaint.

The court heard the evidence and granted the divorce to the plaintiff. One of the findings was "that all community property rights of the plaintiff and defendant have been settled"; and it was decreed "that the community property interests of the parties hereto of this marriage have been heretofore settled and adjusted between them outside of court." This judgment and decree became final.

It is shown that the "property settlement" was a payment to the plaintiff by her husband of the sum of $7,750 cash.

The defendant was, on or about April 2, 1927, killed in an automobile accident. Thereafter plaintiff, not as the wife or heir to his estate, but upon the telegraphic request of the decedent's father who lived in Ireland, applied for letters of administration. This application was denied and Lloyd Thomas was appointed administrator, and is now and ever since has been the personal representative of the deceased.

On April 7, 1928, plaintiff commenced an action, numbered 6252–B in the superior court of Gila county, against the administrator, having for its purpose the setting aside and vacating the judgment and decree

of divorce theretofore entered in cause No. 3352–B, as also the "property settlement." In the complaint it was alleged among other things, that plaintiff had asked for and obtained said divorce through threats, fraud, undue influence and compulsion from her husband; that she was compelled by him to procure the decree of divorce in such manner as to constitute a fraud upon the plaintiff and the court; that he concealed from the plaintiff the community assets which amounted to approximately $40,000, and that the sum paid to her, to wit, $7,750, was entirely inadequate; that but for the threats, the fraudulent and undue influence of her husband, the plaintiff would not have secured the divorce and would not have entered into the unjust and unconscionable settlement with him. She prayed that the decree theretofore entered and the purported property settlement be set aside and held for naught, and that she be apportioned her one-half interest in the community property. Upon motion of the defendant certain portions of this complaint were stricken "upon the ground of laches and upon the further ground that there was no equity in the complaint." Thereafter, on January 7, 1929, the plaintiff having failed to file amended pleadings or to otherwise proceed in the cause, the court entered judgment dismissing the cause of action with prejudice. From this judgment no appeal was taken and it became final.

On September 26, 1931, the plaintiff filed her third amended complaint in said superior court of Gila county (and it is the cause of action therein stated that we are here considering), in which she alleged: The formal facts of marriage, the acquisition during such marriage of community property of considerable value, the property settlement of 1919, the divorce, incorporating therein the judgment granting the decree of divorce in cause No. 3352–B, and the

subsequent action and judgment in cause No. 6252–B. In this complaint she attempts to avoid the effect of said actions and judgments by alleging that while there was a property settlement, the deceased, who had the control and management thereof, had failed and neglected to disclose to her the extent of such community property, and had deceived her as to its value; that the contract of settlement as to the realty was in writing, but that she had no distinct recollection as to whether there was a written contract concerning the personal property. She does not seek to set aside either the decree of divorce or the settlement, but asks in disregard thereof for one-half of the community property, less the sums the deceased may have expended in improving the realty and in its maintenance and upkeep, and the sum of $7,750 paid to her on the settlement. She also asks for an accounting of the rents and profits of the real property and dividends and income on the personal property.

It is contended by plaintiff, notwithstanding the two former judgments, she continued to be a tenant in common with the deceased of the community property, whereas, the defendant contends that said judgments are a final adjudication and settlement of the plaintiff's rights, barring her present action. Also that if after said judgments she had any rights open to adjudication, she lost them by laches and delay in the prosecution of them until after her husband died.

Both of the defenses were sustained by the lower court, and we think properly so. The same general principles of law forbidding a party from splitting his cause of action or trying it piecemeal, or annoying his adversary by repeated actions, apply to lawsuits between husband and wife in divorce matters as to other kinds of cases. The reason for the rule

is to prevent repeated litigation of the same cause and a multiplicity of suits with the attendant trouble and costs. The statutes providing for and regulating the procedure to be observed in actions for divorce recognize this rule. By paragraph 3862 of the Revised Statutes of Arizona, 1913, Civil Code, it is made the duty of the court, upon pronouncing a decree of divorce, to decree and order such a division of the estates of the parties as to the court shall seem just and right. It was while this statute was in effect that the judgment in cause No. 3352–B was entered.

The question is: Was the community property disposed of or divided by the decree entered in cause No. 3352–B divorcing the parties. Taking into consideration the complaint, the answer, and the cross-complaint in said cause, we think if such property was not disposed of it was not for lack of intention of the parties or the court to do so. It appears therefrom that there was community property; that the parties' right therein had been adjusted and settled; that the plaintiff had received her share. There was a prayer that such settlement be approved by the court, and in the judgment it was decreed that the community interests of the parties had "been heretofore settled and adjusted between them outside of the court." It is not questioned that there was a settlement and that the plaintiff was paid the amount agreed therein to be paid her. She might have denied in that cause that the community property had been divided and amicably settled between herself and her husband, but she did not. She could have, if dissatisfied with the judgment approving of the settlement, appealed therefrom, but she permitted the judgment to stand unquestioned and to become final.

In cause No. 3352–B the contract of property division and settlement was directly before the court and was passed upon and approved by the court at the

instance of both parties therein. The judgment became, in effect, a contract between the parties that its determinations should be final with respect to everything properly embraced within the allegations of the pleadings and the relief therein sought. *Brown* v. *Brown,* 170 Cal. 1, 147 Pac. 1168. The power to dispose of the property of the husband and wife is incidental to the power to dissolve the marriage relation and generally cannot be exercised by another court and at another time or in an independent action. The present action is an attempt, without setting aside the judgment in cause No. 3352–B, to obtain another and independent judgment which will destroy the effect of the former judgment. The proceedings are therefore within the rule which forbids a collateral attack to be made upon a judgment by a party thereto for any cause, including fraud, unless the judgment is void on its face. *Le Baron* v. *Le Baron,* 23 Ariz. 560, 205 Pac. 910.

Upon facts very similar in their general aspect, in *Bullock* v. *Bullock,* 131 Wash. 339, 230 Pac. 130, a settlement of the community property rights of the parties was attempted to be set aside. In that case it appears the wife had in her action for divorce alleged in her complaint that the parties had amicably and justly divided their community property between themselves, but later on, becoming dissatisfied with the division, she brought suit to set it aside on the ground that she had been defrauded and deceived by her husband as to the value and amount of such property. The court in passing on her contentions said:

"It must be noted by the synopsis of the pleadings and the evidence given here that what appellant seeks to do is to set aside contracts which had been adjudicated in her favor as just and equitable. She has not attacked the decree, or the interlocutory decree of divorce. Therefore this is purely a collateral attack."

What we have said with reference to the judgment in cause No. 3352-B being a final adjudication of the rights of the parties and a bar to this proceeding applies with equal or greater force to the judgment in cause No. 6252-B. In that cause, not only the decree of divorce, but the property settlement, was sought to be vacated and set aside on the grounds of fraud, and upon the same grounds set forth in the present complaint to avoid said settlement. The same issues as to the effect of the division of the community property and the judgment approving such division are raised. All the issues presented in the present complaint as to the property division were contained in the complaint in cause No. 6252-B and were and are between the same parties, in the same right.

Plaintiff would avoid the effect of the judgment of dismissal with prejudice in cause No. 6252-B on the ground that after the court had stricken certain portions of the complaint on defendant's motion the complaint stated no cause of action. While it may be conceded that the proper way to test the sufficiency of the complaint was by demurrer and not by a motion to strike, still, when the latter method is pursued, the motion to strike may be treated as a demurrer, and for the purposes of an appeal all the allegations of the complaint treated as true. *Como Orchard Land Co.* v. *Markham,* 54 Mont. 438, 171 Pac. 274. The plaintiff had the right to appeal from the judgment of dismissal with prejudice, and on such appeal could have assigned the orders of the court striking parts of her complaint as error. This remedy was not only open to her, but was her sole remedy, if she would avoid the effect of the judgment as a bar to another action between the same parties over the same subject matter.

Nine years elapsed before plaintiff questioned the property settlement or the decree of divorce. Although her husband lived for eight years after they had been divorced and their property rights settled, plaintiff took no action towards asserting her present claims. Her silence during that period can only be accounted for on the theory that she was not dissatisfied therewith. If her husband coerced or compelled her to obtain the divorce and fraudulently deceived her as to the extent and value of the community property, as she alleges in her complaint in cause No. 6252–B, her delay in attacking such proceeding was not because of lack of knowledge of his perfidy in overreaching her, but for some other reason. If a party can thus await the death of her adversary husband and thereafter secure the acceptance by the court of her version of their matrimonial and property troubles thought to be adjudicated in their lifetime, the estate of the deceased spouse would be exposed entirely too much to the whims and avarice of the survivor. The plaintiff's delay in attacking the judgment in cause No. 3352–B might have been, and probably was, because she thought, or knew, that she could not successfully attack it so long as her husband was alive and able to contest her attack. After said judgment was entered, she was most of the time living in Globe, where her husband's property was, and when not there was in and about Phoenix, and must have known all about the situation.

In the case of *McElrath* v. *McElrath,* 120 Minn. 280, 139 N. W. 708, 44 L. R. A. (N. S.) 505, the court decided that where the wife waited for more than ten years after it was entered to bring an action to set aside a divorce decree, knowing all the facts in connection therewith, and until after her divorced husband's death, she was guilty of laches. Among other things, it was there said:

"We have found no case holding that a spouse, with knowledge that the other, through fraud or perjury, not going to the jurisdiction of the court, has obtained a decree of divorce, may sit idly by for years, until the death of the one guilty of fraud, and then successfully invoke the equity powers of the court to secure property rights. When the spouse wronged by the decree, or any one claiming under such an one, comes into court asking relief, so that property may be reached, it must be done within a reasonable time after knowledge of the fraud, or of facts from which a person of ordinary prudence would proceed to ascertain the true state of affairs."

We think, aside from her present action being barred by the former judgments, that a court of equity ought not to assist plaintiff because of her laches.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.