TEXAS MEXICAN RY. CO. v. KING.

(Court of Civil Appeals of Texas. Dec. 21, 1910.)

1. CONTINUANCE (§ 37*)—GROUNDS—SICKNESS OF COUNSEL.

Where a motion for continuance on the ground of sickness of leading counsel failed to indicate when he became sick, or what opportunity the counsel present had for preparation in the case, or whether his absence could have been anticipated, the motion was properly overruled.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 118–121; Dec. Dig. § 37.*]

2. CONTINUANCE (§ 37*) — GROUNDS—ABSENT WITNESSES.

A motion to postpone a trial to a later hour in the day, in order that witnesses might have time to reach the court, was properly overruled as being too indefinite; no statement hav-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ing been made as to who the witnesses were, where they were, what means had been used to secure their attendance, nor that they were expected to be present at the hour to which the postponement was asked.

[Ed. Note.—For other cases, see Continuance, Dec. Dig. § 37.*]

3. APPEAL AND ERROR (§ 193*)—PETITION RE-VIEWABLE.

Where a petition was good as against a general demurrer, it must be held sufficient on appeal to sustain the judgment, in the absence of any complaint of the ruling on the pleadings in the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1240; Dec. Dig. § 193;* Pleading, Cent. Dig. §§ 1355–1374.]

Appeal from District Court, Duval County; W. B. Hopkins, Judge.

Action by R. B. King against the Texas Mexican Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Atlee & Moffett and A. C. Hamilton, for appellant.

FLY, J. This is a suit instituted by appellee against appellant to recover damages and penalties arising from a failure on the part of appellant to furnish cars for the shipment of cattle, which appellee, on March 31, 1909, notified appellant he would need at Benavides, Duval county. Appellant agreed to furnish the cars, but on April 3d, when the cattle were tendered for shipment, no cars could be obtained, and appellee claimed damages in the sum of $199.50, and penalties in the sum of $150. The cause was tried by jury, and resulted in a verdict and judgment for the amount sued for.

The motion to continue the case on account of the sickness of leading counsel for appellant, by reason of which he could not be present at the trial, was properly overruled. The motion fails to set forth sufficient data from which the court could determine as to whether the attorney who was present should have anticipated the absence of leading counsel. It is not indicated when the absent attorney became sick, nor what opportunity counsel who was present had for preparation in the case. This case is of such a simple character as not to have required much time in its preparation for a trial, and we can see no error in the refusal to continue.

The motion to postpone the trial to a later hour in the day, in order that witnesses might have time to reach court, is too indefinite to demand consideration. It does not state who the witnesses were, where they were, nor what means had been used to have them in attendance on court, nor even that there was any expectation that they would be present at the time to which the postponement was desired.

Appellee testified that he made an application in writing to an agent of appellant for three cars to be furnished him at San Diego, a station on appellant's railroad. The agent did not demand any deposit at the time the cars were demanded, but agreed to deliver the cars without such deposit being made. Appellee ordered the cars for Saturday, April 3, 1909, or Sunday, April 4th, following the Wednesday on which the order was given. Appellee had his cattle at the station for shipment on Sunday, but no cars were provided. The cars were not ready for the shipment of the cattle either on Saturday or Sunday. The cattle were held at San Diego until Monday afternoon, but no cars were furnished for their shipment. The jury allowed, as permitted by statute (article 4499, Rev. St. 1895), a penalty of $25 a day for each car for two days, making the sum of $150, and also allowed $199.50 for damages to 133 cattle. The fourth assignment of error questions the sufficiency of the evidence to support the verdict, but we find the evidence sufficient. Appellee testified that he lost a sale of his 133 cattle for $14 a head, and was compelled, by the failure to obtain the cars, to sell them at $12.50 a head.

The petition is very indefinite and uncertain in its allegations as to actual damages, and the exceptions urged against it should have been sustained, but were overruled. However, no assignment is presented on that point, and, as the petition is good as against a general demurrer, it must be held sufficient to sustain the judgment, in the absence of any complaint of the ruling on the pleadings in the lower court.

The judgment will be affirmed.