[Civil No. 2022. Filed December 8, 1922.]

[210 Pac. 683.]

LEE ARNETT, Appellant, v. LAVONIA B. PETER-SON, Administratrix of the Estate of M. P. PETERSON, Deceased; L. R. GIBBONS, HE-BER JARVIS, J. I. BERRY AND SONS, PAT-TERSON BROTHERS, D. P. OVERSON, L. M. OVERSON ESTATE, by VIOLA M. OVERSON, Administratrix, and GEORGE E. WAITE, Appellees.

1. DISMISSAL AND NONSUIT—FACTS HELD TO SHOW PROPER EXERCISE OF DISCRETION IN DISMISSING SUIT FOR WANT OF PROSECUTION.— Where suit was filed in 1918, and in 1920 it was stipulated that it would be tried at next jury term, and in July, 1921, defendants served notice, insisting on trial, notwithstanding plaintiff's motion for continuance filed August 21, 1921, supported by attorney's affidavit that on account of a severe toothache for the past three weeks he was physically unable to try the case, where plaintiff had knowledge during that time that defendants would insist on trial, and ample time to secure another attorney, judgment of

August 26, 1921, dismissing the action, was a proper exercise of discretion.

2. APPEAL AND ERROR—CONTINUANCE—MOTION FOR CONTINUANCE ADDRESSED TO COURT'S DISCRETION.—Motion for continuance is addressed to the sound judicial discretion of the trial court; and, unless it is abused, it will not be interfered with on appeal.

3. DISMISSAL AND NONSUIT — DISMISSAL FOR WANT OF PROSECUTION, WHERE DEMURRER AND MOTIONS UNDISPOSED OF, WITHIN COURT'S RIGHT, UNDER FACTS.—Notwithstanding Civil Code of 1913, paragraph 509, which provides that demurrers and motion should be disposed of before a case is called for trial, where, in an action pending for three years, there were undisposed of a demurrer and two motions directed toward the answer, which could have been disposed of had plaintiff been present to call court's attention to them, there was no error in dismissing the case for want of prosecution.

APPEAL from a judgment of the Superior Court of the County of Apache. J. E. Crosby, Judge. Affirmed.

Mr. C. H. Jordan, for Appellant.

Mr. Gilbert E. Greer and Mr. George H. Crosby, Jr., for Appellees.

ROSS, C. J.—The appellant, who was the plaintiff below, appeals from an order dismissing his case for want of prosecution, and an order refusing, on his motion, to vacate said order of dismissal and reinstating the case.

The record shows the suit to be for a balance on two negotiable promissory notes, given in part payment for a certain stallion. The suit was filed on July 24, 1918. The answer, among other things, set up that the notes were procured by plaintiff's indorsers through fraud; that on May 3, 1919, the local judge, Honorable A. S. GIBBONS, disqualified himself on the ground of having been of counsel, and upon agreement the case was transferred to Honorable JESSE E. CROSBY, Superior Judge of Navajo

county; that on May 28, 1919, "all law questions and other matters" were submitted to the court without argument, and that on September 10, 1919, the court overruled demurrer to complaint and denied motion to strike; that on August 19, 1920, by stipulation of counsel, the defendants not being ready for trial, the case was continued, with the further stipulation "that the case will be tried at the next jury term in any event." August 26, 1921, the following order was made:

"This being a regular jury term of the superior court of Apache county, Arizona, and this case having been properly and regularly set down for trial by jury, and due notice of the same given to the respective counsel, and the plaintiff not being present in person nor represented by his counsel, C. H. Jordan, the defendants being represented by Attorneys Gilbert E. Greer and George H. Crosby, Jr., plaintiff's motion on file, asking for a continuance, was denied, and the motion of attorneys for the defendants to dismiss the case for lack of prosecution was granted, and the case ordered dismissed."

The motion for continuance was filed August 21, 1921, and was supported by affidavit of plaintiff's attorney, C. H. Jordan, Esq., and was to the effect that he had been suffering with a severe toothache for three weeks; that he was not physically able to try the case on account of pain and suffering; that he was constantly under the care of a doctor and a dentist, who had advised that it was dangerous for him to make the trip from Holbrook to St. Johns, and had warned him not to make the trip. This affidavit was corroborated by the verified certificates of doctor and dentist, to the effect, by the doctor, "His teeth had been bothering him for some time," by the dentist, "That for some time he had been treating C. H. Jordan."

Defendants' showing in resistance to motion for continuance was that as early as July 12, 1921, they

notified plaintiff's attorney they should insist upon a
trial, because of the stipulation of August 19, 1920,
and because the distribution of the estates of two of
the defendants, who had died since the suit was in-
stituted, was awaiting the final disposition of the suit.

From the character and high standing of the plain-
tiff's attorney, we are satisfied that his representa-
tions of sickness were true and made in perfect good
faith, and that he was physically unable to make the
trip to St. Johns or to try the case on August 26, 1921,
the date it was dismissed. But from the showing
made this condition did not arise suddenly, but had
persisted ''for some time.'' He says three weeks be-
fore August 18, 1921, the date of his affidavit. He
knew—and his knowledge was that of plaintiff—dur-
ing those three weeks, and for some time before, the
defendants would insist upon a trial. The plaintiff,
with this information, was forewarned, and had ample
time to secure another attorney. He made no effort
to do so. In this he was negligent. It was a jury
case, and it appears that one trial jury per year is
the rule in Apache county. The case had been pend-
ing over three years, and unless tried at the August
sitting would necessarily go over another year. We
think, under all the circumstances, it was incumbent
on plaintiff to have employed other counsel, and been
ready to prosecute his suit before the August, 1921,
jury, and, failing to do so, the court exercised a
proper and reasonable discretion in dismissing the
suit. The general rule with reference to continu-
ances on account of illness of counsel is very well
stated in 13 C. J. 145, section 49, as follows:

''It is usually considered a good ground for con-
tinuance that the counsel employed is too ill to con-
duct the cause when the same is called for a hearing,
but in such case it must appear that the applicant
has a meritorious cause or defense, that the particular

counsel was necessary to the proper presentation of the cause, and that there was no time or opportunity to employ other counsel to conduct it.''

The courts, we think, have uniformly refused to grant continuances on account of sickness of counsel, where it appears that the complaining party has had time to secure other counsel, but has failed to do so or to make a proper showing of his inability. *Rankin* v. *Caldwell,* 15 Idaho, 625, 99 Pac. 108; *Texas Mexican Ry. Co.* v. *King* (Tex. Civ. App.), 132 S. W. 966; *Higgins* v. *Gose,* 144 Ky. 123, 137 S. W. 1038.

A motion for a continuance is addressed to the sound judicial discretion of the trial court; and, unless that discretion is abused it will not be interfered with by the appellate tribunal. *Condon* v. *Brockway,* 157 Ill. 90, 41 N. E. 634; *Sanitary District* v. *Chapin,* 226 Ill. 499, 9 Ann. Cas. 113, 80 N. E. 1017.

We do not think much of the point made by appellant, to the effect that the court had no right to set the case for trial because there was pending undisposed of a demurrer and two motions directed toward the answer. These were his, and he should have been ready to present them to the court for disposition. Of course, under paragraph 509, Civil Code, the demurrer and motion should have been disposed of before the case was called for trial on the merits, and doubtless would have been had the appellant been present to call the court's attention to them. No error appearing in the order of dismissal, it necessarily follows that the court did not err in refusing to grant appellant's motion to vacate the order of dismissal.

. The judgment is affirmed.

McALISTER and FLANIGAN, JJ., concur.