[Civil No. 3285. Filed July 1, 1933.]

[23 Pac. (2d) 559.]

## LOUISE A. SCHUSTER, Appellant, v. THOMAS SCHUSTER, Appellee.

Mr. Herman Lewkowitz, Mr. J. B. Zaversack and Mr. Wm. C. Fields, for Appellant.

Messrs. Anderson & Conway, for Appellee.

McALISTER, J.—This is an appeal by Louise A. Schuster from a decree dissolving the bonds of matrimony between her and Thomas Schuster. The action was commenced by the latter in June, 1931, under the provisions of section 2179, Revised Code of 1928, as amended in February, 1931. Prior to that time there were eight grounds upon which a divorce could be granted in this state, but the Tenth Legislature, as is shown by chapter 12, Session Laws of 1931, added a ninth, which reads as follows:

"When for any reason the husband and wife have not lived or cohabited together as husband and wife for a period of five years or more."

The complaint alleges that the plaintiff and defendant were married in 1918 and lived together as husband and wife until September, 1921, when they separated, and that for more than six years next preceding the filing of the complaint they did not live or cohabit together as husband or wife. It averred also that one child, Frances Louise, aged twelve years, was born to them and that plaintiff was willing to pay whatever the court felt reasonable for her support; that plaintiff and defendant owned as community property Lot 14, Block 1, Central Park Place, Phoenix, and that plaintiff owned as separate property seven lots in Central Park Place, Phoenix, subject to a trust deed in favor of Frances Louise Schuster covering one of them, Lot 15, and part of another, Lot 13, Block 1.

To this complaint the defendant interposed a general demurrer, and also a plea in bar based upon a decree rendered in April, 1922, and in effect when this action was filed, which permitted the defendant legally and lawfully to live separate and apart from the plaintiff. The demurrer was overruled and the plea in bar denied, whereupon defendant answered denying the allegations of the complaint and asked by way of cross-complaint for an absolute divorce upon the ground of desertion and cruelty. After a hearing the court under the authority of *Brown* v. *Brown*, 38 Ariz. 459, 300 Pac. 1007, rendered a decree dissolving the bonds of matrimony existing between the parties and granted in addition the following relief: First, it awarded the custody of Frances Louise to the defendant and directed plaintiff to pay the latter for the support of said minor child $40 a month (this being in addition to the benefits accruing to the child under the deed of trust executed in her favor) and $25 a month for the support of the defendant; second, it divided the community property as follows: To the defendant, it gave Lot 14, Block 1, Central Park Place valued at $1,000 and to the plaintiff, $85 in cash and $245 in debts due; and, third, it awarded the plaintiff his separate property consisting of seven lots in Central Park Place, Phoenix, subject to the deed of trust above mentioned, and a concrete yard and business at 720 South Seventh Avenue, Phoenix. It is from this judgment the defendant appeals.

A number of errors are assigned but they can be considered under three or four propositions of law. It appears that on the day of the trial appellant moved for a continuance upon the ground that she was ill and unable to attend court. Upon this motion being made the court directed the county physician, Dr. J. D. Mauldin, to examine appellant and ascertain whether or not she could appear. After doing so he testified that he found her able to attend court and

that he so informed her. Dr. I. L. Garrison testified that she appeared before him the day before for treatment and that in his opinion her condition was such that it might involve risk for her to attend. After hearing the testimony of both doctors as to the condition of appellant the court denied the motion, and she attended the trial for nearly two days without, so far as the record discloses, any serious effects to her. A motion for a continuance is addressed to the sound discretion of the trial court and it is only when this discretion is abused that an appellate court will interfere. *Arnett* v. *Peterson,* 24 Ariz. 405, 210 Pac. 683. Clearly, there was no abuse of the court's discretion in this instance.

The second assignment is that the court erred in denying appellant's motion for a new trial upon the ground of newly discovered evidence. It was stated in the motion for a new trial that appellant learned after the trial that the real property set aside to appellee as his separate property had been transferred by him to a third party and then reconveyed to him by that party, both acts occurring during coverture, and that appellant did not then know this and was unable without reasonable diligence to find it out prior to the trial. The motion for a new trial is not supported by an affidavit showing that the evidence was newly discovered or that diligence had been exercised in an effort to learn of its existence. This should have been done (46 C. J. 324) and, in addition, the facts relied on to show diligence should have been recited in order that the court might know whether it had in fact been exercised.

Besides, it appears from the record that at the time of the trial appellant had, or should have had, knowledge of the fact claimed to have been discovered afterwards. It discloses that in the trial of a case in 1924, wherein the appellant in this case was seeking a divorce from appellee upon the ground of

desertion, the matter having been tried before a jury, the fact that the property had been conveyed by appellee to a third party was before the court, and necessarily reconveyance to him thereafter and prior to this action was during coverture. It is not apparent, therefore, how there could be any just basis for the claim that appellant was without knowledge that the transfer to appellee was made prior to the decree of divorce. Denial of the motion under these circumstances was not an abuse of the discretion of the trial court to which such a motion when based upon the ground of newly discovered evidence is addressed. 46 C. J. 412.

The next five assignments relate to the financial standing of appellee and the sufficiency of the amounts allowed appellant as alimony, support for the child and attorney's fees. The community property, according to the findings, consisted of one lot valued at $1,000, $85 in cash and $245 in accounts receivable, and in awarding the lot to appellant and the cash and bills receivable to appellee we are unable to see wherein appellant has any cause for complaint.

The separate property of appellee consisted of seven lots in Phoenix (except the one and part of another covered by the deed of trust and on which appellant and Frances Louise lived) and the concrete yard and business at 720 South Seventh Avenue. The court found that when appellant and appellee were married he owned property valued at $18,000 and had an annual income of $2,500, but that thereafter his holdings grew less and less until at the time of the trial they did not, exclusive of that covered by the deed of trust, exceed $4,000 in value, and, in addition, that his earning capacity had likewise steadily decreased. Under these circumstances we are unable to see wherein the court abused its discretion in awarding appellant $25 a month alimony, $40 a month (in addition to the property covered by the

trust deed) for the support of the child, and $175, $100 of which had been paid, for attorney's fees. The question of the proper division of the community estate and of the value of appellee's separate property upon which depended his ability to pay alimony, money for the support of the child and attorney's fees, like the two assignments just considered, were addressed to the discretion of the trial court, and there is nothing indicating any abuse thereof whatever. In *Tennery* v. *Tennery,* 35 Ariz. 69, 274 Pac. 638, the court said:

"Alimony allowed to a wife successful in a divorce proceeding should be reasonable. What is 'reasonable' depends upon the ability of the husband to pay as well as the wife's necessities. Its allowance and the amount thereof must be governed by the circumstances and facts of each case. The trial court is in a better position to determine what is right and just than we are and, unless the allowance clearly and palpably is erroneous or excessive, we would not feel like disturbing it. *McFadden* v. *McFadden,* 22 Ariz. 246, 196 Pac. 452."

In *Jones* v. *Jones,* 173 N. C. 279, 91 S. E. 960, the court used this language:

"The amount of attorney's fees and alimony is within the discretion of the trial court, and is not reviewable, unless such discretion is abused."

The last and principal assignment is that the court erred in denying appellant's plea in bar. The complaint is based upon the ground that appellee and appellant did not live or cohabit together for more than six years next preceding the filing of the action, and the contention of the latter is that while it is true that they lived separate and apart during this period she was given the right to do so by a decree of separate maintenance obtained in 1922, and, hence, the plea, that living apart pursuant to a court decree during the years covered by the complaint bars the action, should have been upheld. In the cross-com-

plaint filed by appellant following the denial of her plea in bar she sought a divorce from appellee upon the ground of desertion and cruelty, but inasmuch as the court dissolved the bonds of matrimony existing between them by granting to each party a divorce from the other, without indicating that it was in favor of either as distinguished from the other, there is no way of knowing whether it was granted upon the allegations of the complaint or the cross-complaint. However, she obtained the relief she asked for, an absolute divorce from appellee, and the latter contends that since this occurred she is not in a position to complain of the ruling denying her plea in bar. But inasmuch as it may be that she was entitled to a decree on the ground of desertion and cruelty, and inasmuch as he could not have succeeded at all on his cause of action if the plea in bar had been sustained, it would seem that she is within her rights in raising the question.

The decree rendered in 1922 did not dissolve the marriage bonds but merely required appellee to pay appellant a certain sum for her separate maintenance which meant that she could and would live separate and apart from him, though the decree in such an action does not in express terms authorize this. An action for separate maintenance does not, as is the case in one for a divorce *a mensa et thoro*, affect the binding character of the marriage tie but deals wholly with property rights. *Williams* v. *Williams*, 33 Ariz. 367, 265 Pac. 87, 61 A. L. R. 1264. "A decree merely for separate maintenance does not," according to 30 C. J. 1096, "affect, alter, or dissolve the marital status or relation or the rights of the wife in the property of the husband." Chapter 12, *supra*, creating a ninth ground of divorce, provides that "when for any reason the husband and wife have not lived or cohabited together," etc., a divorce may be granted. This language is quite comprehensive and

in those jurisdictions having a similar statute the period of time the parties live apart by virtue of a decree of court may be counted as a part of the statutory period. *North* v. *North,* 164 La. 293, 113 So. 852. In *Cooke* v. *Cooke,* 164 N. C. 272, 80 S. E. 178, 49 L. R. A. (N. S.) 1034, the court uses this language:

"Again it was contended that a proceeding for divorce deals with and is designed to affect the status of the parties, and that the judgment in Wake has established this status to be a legal separation from bed and board and not otherwise, and further that the time of such separation under and by virtue of that decree may not be properly counted as part of the statutory period. The premise here is undoubtedly sound. Divorce proceedings concern chiefly the status of the parties, but this action in Wake county did not deal, and the court acquired no jurisdiction to deal, with the marriage tie. The decree only established a legal separation of the parties for the time, and it is very generally held that such a decree does not bar the right to an absolute divorce when the statutory conditions for such a divorce are properly established."

In *Brown* v. *Brown,* 172 Ky. 754, 189 S. W. 921, the same question was considered and paragraph No. 2 of the syllabus in that case is in this language:

"Under Ky. St. § 2117, subsec. 2, making living apart without cohabitation for five consecutive years a ground of divorce, a fact that the husband and wife live apart for that period constitutes a ground for divorce, although their living apart is under a decree of court of separation, alimony, and custody of children."

It is contended that the language of chapter 12 should not be given such a comprehensive meaning, for the reason that it would enable the husband to be guilty of treatment so cruel as to cause the wife to leave their home and remain away and then permit him to profit by his own wrongful acts, and in sup-

port of this proposition the case of *Pierce* v. *Pierce,* 120 Wash. 411, 208 Pac. 49, is cited. In that state, however, the statute (Laws 1921, p. 331), which makes the living apart for five consecutive years a ground for divorce, provides that "either husband or wife shall be considered the injured party," thus implying that this ground is open only to the injured party, and the decision in that case was based largely upon this provision. We are not confronted here, however, with a situation of that character and will reserve an expression thereon until a case presenting it is before us for consideration.

Finally, it is contended that even though the five-year provision may be invoked, notwithstanding the separate maintenance decree, the statute creating it is not retroactive in its effect and, therefore, no part of the five-year period of separation that had already passed when the law was enacted can be counted. In other words, it is urged, the parties must live apart for five years following the enactment of the law before a cause of action accrues under it. This contention is based upon section 3038, Revised Code of 1928, which provides that "no statute is retroactive unless expressly so declared therein. Statutes shall be liberally construed, to effect their objects and to promote justice." It is plain, however, from the language used in chapter 12 that the legislature intended it to apply to situations existing when it was passed, for it expressly states that a divorce may be granted when the husband and wife "have not lived or cohabited together" for a period of five years. This clearly refers to the past as well as to the future and brings the language expressly within the meaning of section 3038, *supra.* To accomplish this purpose it was not necessary that the legislature use the expression, "this statute shall be retroactive," or any similar one. Any language that shows a legislative purpose to bring about this result is sufficient. *Peavy* v.

*McCombs,* 26 Idaho 143, 140 Pac. 965. In *Dowie* v. *Becker,* 149 La. 160, 88 So. 777, the court said:

"The act is remedial in its nature, and it took effect upon people as it found them. It is simply retroactive to this extent: That it affected the rights of persons already in existence from the passage of the act and was not confined merely to rights and persons coming under its terms in the future. It is a statute giving the personal status of married persons, and giving the remedy to those who have lived separate and apart for more than seven years."

In volume 1, Bishop on Marriage, Divorce and Separation, paragraph 1480, the author says:

"As just seen, divorce statutes concern the good order of society. If, contemplating the interest involved as public, it is for the public order and profit that marriage be dissoluble after the transpiring of a particular *delictum,* it can make no difference what was the date of the delinquency, or whether before or after the statute was enacted. Hence, when the legislative intent does not directly appear in the statutory words, they should be applied equally to past and future transactions. But the authorities on the question are divided."

See the following: 2 Lewis' Sutherland, Statutory Construction, p. 1227, § 674, and vol. 2, p. 1169, § 647; *Cole* v. *Cole,* 27 Wis. 531; *Long* v. *Long,* 135 Minn. 259, 160 N. W. 687, L. R. A. 1917C, 159; 9 R. C. L. 270, § 30.

The judgment is affirmed.

ROSS, C. J., concurs.