[Civil No. 3877. Filed October 25, 1937.]

[72 Pac. (2d) 943.]

HOLLAND MERRYMAN, Appellant, v. W. P. SEARS, Appellee.

Mr. George F. Macdonald, for Appellant.

Messrs. Phillips, Holzworth & Phillips, for Appellee.

ROSS, J.—The plaintiff, W. P. Sears, brought this action on February 10, 1936, against the defendant, Holland Merryman, on her promissory note for $14,-900, dated August 1, 1928, bearing interest at 8 per cent. per annum and payable on or before five years after date, as modified by an agreement dated March 31, 1933, extending the time of payment to April 1, 1934, reducing the principal to $12,000 and the interest to 6 per cent. per annum, and to foreclose a real estate mortgage given by defendant as security to the note.

The defendant by her second amended answer admits giving the note and mortgage to the plaintiff; denies that plaintiff is the owner and holder thereof; pleads payment and denies that she is indebted to plaintiff in any sum whatever.

When all the evidence was in, plaintiff made a motion that the court instruct the jury to return a verdict in plaintiff's favor and the motion was granted. The verdict was for $12,000, with interest at 6 per cent. per annum from February 1, 1936, and for attorney's fees taxed at $250. The judgment foreclosed the mort-

gage lien and ordered the property sold to satisfy the judgment but made no provision for any deficiency.

The defendant has appealed. She, by her assignments, suggests several reasons why the judgment should not stand, such reasons being:

■ (1) The refusal of the court to grant defendant a continuance under the moratorium act approved February 15, 1935, being chapter 9, Laws 1935. The defendant in her answer applied for such continuance giving as a reason therefor

"that these defendants are desirous of paying these obligations against said property, but due to the fact of the depressed condition now existing in the United States, and especially in this locality, these defendants have been unable to refinance said loan, or obtain sufficient means with which to pay off said indebtedness."

On April 6, 1936, the motion for continuance was heard, at which hearing five witnesses were sworn and testified, and on April 8th documentary evidence was introduced, at the conclusion of which the motion for continuance was denied. The so-called moratorium act provides that the court may continue actions for foreclosure of certain real property mortgages "unless upon hearing of said application good cause is shown to the contrary" (section 2). The oral testimony taken at the hearing of the motion for continuance is not before us and we assume that it supported the court's order denying the application.

■■ (2) The refusal of the court, on defendant's motion or request made on the day of trial, to continue the case until plaintiff's attendance could be secured so that defendant could cross-examine him as an adverse witness under section 4416, Rev. Code 1928.

On April 20th the trial of the case was set down for May 16th and thereafter reset several times and finally for July 14th. Defendant was present or represented

by counsel at each of these settings. On the day of trial plaintiff was ill in California where later he died, never recovering from his illness. The only showing made by defendant for continuance was the statement of her attorney, when the case was called for trial, to the effect that "it is very important that plaintiff himself be here" and that "it is vital to the issues of this case." No showing was made of what defendant could or expected to prove by cross-examination of plaintiff, or that she was not in the possession of all material facts of the case, or that what plaintiff would testify to was not cumulative of her own testimony, or that she did not know of plaintiff's illness and inability to be present until too late to take his deposition. In *Arnett* v. *Peterson,* 24 Ariz. 405, 210 Pac. 683, 684, we said:

"A motion for a continuance is addressed to the sound judicial discretion of the trial court; and, unless that discretion is abused it will not be interfered with by the appellate tribunal."

See, also, *Wright* v. *Burhart,* 35 Ariz. 246, 276 Pac. 837, and *Schuster* v. *Schuster,* 42 Ariz. 190, 23 Pac. (2d) 559. In *Boardman* v. *Taylor,* 66 Ga. 638, it was held that, if one expects to make a witness of an adversary, he should take proper measures by subpoena, or interrogatories, as the case may require, to procure such testimony.

■■ (3) "The court erred in rejecting certain evidence offered by the defendant at the trial." This is about as indefinite as it is possible for an assignment to be made. It invites the court to search the record, including the transcript of the testimony, for possible error in the rejection of evidence offered by the defendant and to determine, if there were more than one ruling, which one defendant has assigned as error. It is the duty of the party claiming error in the rejection of

evidence to state the evidence or enough of it in his assignment to show its competency and materiality, and to direct the court's attention to the part of the record where it may be found. This the defendant has not done.

 But if we accept the statements of defendant's attorney, found in his brief, as to what the rejected evidence was, its rejection by the court was proper. The offer was the testimony of defendant of an exchange of property in December, 1931, by which she claimed the mortgage and note sued on were paid and satisfied. This evidence the court held could not be accepted to contradict defendant's written acknowledgment of the debt made on March 31, 1933, more than a year later. Such acknowledgment appears in an agreement to extend the time of payment of the note and mortgage to April 1, 1934. This agreement, signed by both plaintiff and defendant, after describing the note and mortgage and reciting that the principal was reduced from $14,900 to $12,000 and interest from 8 per cent. to 6 per cent. per annum, states:

"That nothing herein contained shall be construed to change any of the terms and conditions of said note and mortgage except as to the amount due thereon, the time when the same shall be paid, and the rate of interest which the same shall bear and the manner said interest shall be paid, all as hereinabove stated."

There is no contention that defendant did not know what she was signing, or any fraud or deceit was practiced on her to secure her signature, or that the agreement contains any ambiguity. Under such circumstances the law will not permit it to be varied or altered by parol evidence. It was said by this court, in *S. H. Kress & Co.* v. *Evans,* 21 Ariz. 442, 189 Pac. 625, 626:

"The law is very firmly settled that when parties have put their engagements into writing in such terms

as import a legal obligation without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of the undertaking was reduced to writing, and all oral testimony of a previous colloquium between the parties, or of conversations or declarations at the time it is completed, or afterwards, is rejected.''

See, also, *Stewart* v. *Southwest Cotton Co.*, 38 Ariz. 547, 2 Pac. (2d) 1041; *Pleasant* v. *Arizona Storage & Distributing Co.*, 34 Ariz. 68, 267 Pac. 794; *Welker* v. *Mishkin*, 31 Ariz. 239, 251 Pac. 891; *Gage* v. *Phillips*, 21 Nev. 150, 26 Pac. 60, 37 Am. St. Rep. 494; *Bradford Inv. Co.* v. *Joost*, 117 Cal. 204, 48 Pac. 1083; *United Iron Works* v. *Outer Harbor Dock & Wharf Co.*, 168 Cal. 81, 141 Pac. 917.

██ Other reasons given for asking for reversal are that the verdict and judgment are not justified by the evidence, that the judgment is contrary to the law, and that the court erred in instructing the jury to find for plaintiff, and in denying defendant's motion for a new trial. These are not proper assignments under our rules, but, if they were, the questions they attempt to raise are covered in the opinion.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.