[Civil No. 3817. Filed December 6, 1937.]

[73 Pac. (2d) 1345.]

LOUISE A. SCHUSTER, Appellant, v. THOMAS SCHUSTER; J. J. COX, and A. Y. MOORE, Individually, and as Partners Doing Business Under the Firm Name and Style of COX & MOORE; MRS. JANE DOE COX, Wife of Said J. J. COX; MRS. JANE DOE MOORE, Wife of Said A. Y. MOORE; EARL ANDERSON and JOSEPH W. CONWAY, Individually and as Partners Doing Business Under the Firm Name and Style of ANDERSON & CONWAY; MRS. JANE DOE ANDERSON, Wife of Said EARL ANDERSON, and MRS. JANE DOE CONWAY, Wife of Said JOSEPH W. CONWAY, Appellees.

2

Mr. Jacob Morgan, for Appellant.

Mr. Terrence A. Carson, for Appellees.

LOCKWOOD, J.—This is an appeal from a judgment dismissing the action in a case wherein Louise A. Schuster was plaintiff and Thomas Schuster and a number of other individuals, whose names need not be set forth in the body of this opinion, were defendants. The record, in substance, shows the following facts:

Plaintiff and defendant, Thomas Schuster, were married on May 30, 1918. Thereafter, and on the 8th of February, 1932, the superior court of Maricopa county entered its judgment in its case No. 34836, wherein Thomas Schuster was plaintiff and Louise A.

Schuster was defendant, dissolving the bonds of matrimony between the parties on the following ground: "That plaintiff and defendant lived together as husband and wife from the date of their said marriage, until the 24th day of September, 1921, when they separated, and ever since have lived, and still continue to live, separate and apart from each other; that plaintiff and defendant have not lived or cohabited together as husband and wife, or at all, for a period of more than six years next preceding the filing of this complaint."

The decree also awarded the custody of the minor child of the parties to defendant, provided for certain alimony, and divided the community property. Thereafter, defendant Louise Schuster appealed to this court from the judgment of the superior court. Many assignments of error were made by her, but she did not raise the objection that the statute which provides, as a ground of divorce, the failure of the spouses to cohabit as husband and wife for a period of five years was unconstitutional. Subdivision 9, § 2179, chap. 12, p. 20, Regular Session, Tenth Legislature (1931). This court affirmed the judgment of the lower court on July 1, 1933, in all respects. *Schuster* v. *Schuster*, 42 Ariz. 190, 23 Pac. (2d) 559. Thereafter, and on February 18, 1936, this action was brought.

The complaint in the present case occupies some sixty pages of the abstract of record, and while it sets up many different matters, we think there is but one question raised on the appeal which it is necessary for us to determine, and that is whether or not plaintiff is in a position to attack the decree in *Schuster* v. *Schuster, supra,* in the present proceeding. The present action seeks as relief: (a) That the judgment in the previous case of *Schuster* v. *Schuster, supra,* be vacated, set aside, and held for naught; (b) that certain transfers of real estate made by Thomas Schuster be set aside, and that the various other de-

fendants be decreed to have no right in such real estate. It is evident that this is an attack upon the judgment in *Schuster* v. *Schuster, supra,* and that so long as such judgment remains in force and effect plaintiff may not prevail in her present case. The question before us then is whether or not her complaint sets up facts which authorizes her in this proceeding to attack the judgment in question, for if it does not, the trial court was right in dismissing the action. Under section 3859, Revised Code 1928, trial courts may at any time within six months after the making or entering of a judgment modify or set aside such judgment for good cause shown. We have held in many cases that after the expiration of the six months this may not be done, except for fraud, and then only by a direct, and not a collateral, attack on the judgment. Is the present attack of the first or of the second class? We had a similar question before us in the case of *Henderson* v. *Towle,* 23 Ariz. 377, 203 Pac. 1085, 1087, and have said:

"As the action is not brought for the sole purpose of impeaching or overturning the former judgment, but has also for its object an independent relief or result, the attack made herein upon the former judgment is a collateral one. *Tube City Min. etc. Co.* v. *Otterson,* 16 Ariz. 305, 146 Pac. 203, L. R. A. 1916E 303; 23 Cyc. 1062."

And in discussing the question of the difference between a collateral and a direct attack, we said in *Bell* v. *Bell,* 44 Ariz. 520, 39 Pac. (2d) 629, 631:

"It will be observed that the attack was made in the same proceeding in which the judgment was rendered, that it was made by a motion to vacate the particular judgment attacked, and that its direct and only purpose was to set aside the judgment itself and not to secure, directly at least, any other relief. That this is a direct attack we think there can be no question."

In referring to *Bell* v. *Bell, supra,* in *Dockery* v. *Central Ariz. L. & P. Co.,* 45 Ariz. 434, 45 Pac. (2d) 656, 660, we held:

"That such a proceeding was a direct attack and, inferentially, that, if other relief was sought, it would not have been direct. We have thus in the past definitely laid down the rule in Arizona that, where an action has for its primary purpose the obtaining of independent relief, and the vacating or setting aside of a judgment is merely incidental thereto, such action is not a direct, but a collateral, attack upon the judgment."

We think that in the present case the real relief sought is the setting aside of certain conveyances made by Thomas Schuster to the other defendants named in the proceeding, and that the setting aside of the decree of divorce is but incidental to the main purpose of the action. If the attack be collateral in its nature, an attack may not be made even on the ground of fraud; the only question being whether it is void upon its face. *Dockery* v. *Central Ariz. L. & P. Co., supra; Berman* v. *Thomas,* 41 Ariz. 457, 19 Pac. (2d) 685; *Le Baron* v. *Le Baron,* 23 Ariz. 560, 205 Pac. 910; *Henderson* v. *Towle, supra.* Is the judgment of this nature? In the case of *Tube City Min. Co.* v. *Otterson,* 16 Ariz. 305, 146 Pac. 203, L. R. A. 1916E 303, we discussed this question very fully, and held that if the court had (a) jurisdiction of the subject-matter of the case, (b) jurisdiction of the persons, and (c) jurisdiction to render the particular judgment rendered, no matter how erroneous it might be, it was not void upon its face, and could not be attacked collaterally. We reviewed the decisions elaborately, and, quoting from the case of *Foltz* v. *St. Louis & S. F. R. Co.,* 60 Fed. 316, 318, 8 C. C. A. 635, said:

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear

the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud.''

The superior court of Maricopa county unquestionably had the power, by its general jurisdiction, to try and determine divorce cases, and to render in such cases judgments settling both the right of divorce and the property rights of the parties. Whether such judgment was correct on the facts, or whether it was based on a valid complaint, is not a question of a lack of jurisdiction, but of the exercise of jurisdiction. There is no question that the superior court had jurisdiction of the persons of both plaintiff and defendant. We hold, therefore, that the judgment in the case of *Schuster* v. *Schuster, supra,* being rendered by a court having jurisdiction of the subject-matter, the persons, and to render the particular kind of judgment rendered, was not void upon its face, and that a collateral attack may not be made thereon for any reasons whatever. But, even assuming for the sake of the argument, that this is a direct attack upon the judgment, and not a collateral one, we think that plaintiff's complaint did not state a cause of action. Even in direct proceedings, judgments may not be attacked for any and all kinds of fraud. The fraud complained of must have been practiced in the very act of obtain-

ing the judgment, and all cases of fraud which might have been used to win or defeat the action on its merits are excluded. The fraud must be extrinsic and collateral to the matter tried, and not something which was actually or potentially in issue in the case, unless the interposition of the defense was prevented by fraud or conduct of the opposite party. 34 C. J., p. 280, and cases cited. Nor is perjury at the trial fraud of the required kind. *Vance* v. *Burbank,* 101 U. S. 514, 25 L. Ed. 929; *United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93.

We have examined the complaint herein carefully, and find it alleges the following matters as constituting the fraud relied on: (a) That defendant Thomas Schuster, in order that he might secure a divorce from plaintiff, persuaded and induced the legislature of Arizona to add subsection 9 of section 1, chapter 12, *supra* (amending section 2179, Rev. Code 1928), to the law of Arizona as a ground of divorce, and that such subsection is for many reasons unconstitutional; (b) that plaintiff had previously secured a decree granting her separate maintenance and support, together with a lien on the community property for such maintenance, and that defendant, in order to avoid the effect of such decree, fraudulently conveyed certain property of his to a number of the other defendants in the action; (c) that he fraudulently expended a large sum of money from the community estate of the parties in securing the passage of the legislative act above referred to; and (d) that knowing that one of the defendants had previously been attorney for plaintiff and was fully conversant with her defenses to any divorce action that might be prosecuted against her in the future, for the purpose of obtaining a disclosure of certain confidential communications between plaintiff and her said attorney, without her consent employed him to secure the passage of the legislation

aforesaid and the divorce which was ultimately granted in cause No. 34836, *supra,* and fraudulently transferred to such attorney part of the community property for the purpose of defeating plaintiff's decree of maintenance and support. It is obvious that, assuming the allegations of the complaint to be true *verbatim ac literatim,* all of these alleged fraudulent acts were committed before the trial of case No. 34836, and none of them, in any manner, prevented plaintiff herein (defendant in that proceeding) from making a full and complete defense in the case, and from raising the issue of the constitutionality of subsection 9, *supra.* Further, none of the various alleged fraudulent acts, even if admitted by Thomas Schuster, would have been a defense to the action in which the divorce was granted. If subsection 9, *supra,* was unconstitutional, of course a divorce could not have been granted upon the grounds set forth therein, but no matter how the passage of that subsection was secured, that would not affect its constitutionality. Thomas Schuster might have been guilty of bribing each and every member of the legislature who voted for the passage of the bill, and, if so, he and they would be subject to penal servitude therefor; but if the act was within the power of the legislature to adopt, the fact that it was done from wrong motives would not affect its validity, no matter how much we and every other good citizen might reprobate the conduct of the individual legislators. If it be true that counsel, who had previously represented Louise Schuster, subsequently accepted employment from Thomas Schuster and, in the course of the latter employment, divulged to Thomas Schuster, any confidential communication previously made to the attorney by Louise Schuster, such attorney would be subject to disbarment therefor; but that would not affect the right of Louise Schuster to make any defense to the divorce proceedings which

she might have. Neither could the alleged fraudulent transfer of property have affected her right to defend. If a judgment of divorce would defeat her previously obtained judgment for separate maintenance and support she knew that when the action was filed, and was not prevented from making any defense given her by such a situation. We conclude, therefore, that the complaint did not allege any fraudulent conduct on the part of Thomas Schuster of a character to support this action, even if it be a direct attack on the judgment above referred to. The trial court therefore, properly sustained a demurrer to the complaint, with leave to amend, and, no amendment being presented within the allotted time, the case was dismissed.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.